This is a suit to recover damages for personal injuries, brought by the appellant against the appellee. The petition alleges that the injuries complained of were caused by the negligent and wrongful acts of the agents and employes of the defendant in ejecting plaintiff from one of defendant's passenger trains upon which he was a lawful passenger, at an unsafe and dangerous place, and in misinforming plaintiff as to the place at which he was put off the train, thereby causing him to fall into an open pit and receive permanent injuries to his person.
The defendant answered by a general denial and a plea averring that plaintiff's injuries were directly caused by his being in an intoxicated condition and by his own contributory negligence. The trial in the court below by a jury resulted in a verdict and judgment for the defendant, from which judgment this appeal is prosecuted.
The first assignment of error presented in appellant's brief, with its accompanying proposition, is as follows: "The court erred in its charge to the jury in charging in substance that if the conductor gave the plaintiff a reasonable time to find his ticket, then it was his duty to put the plaintiff off unless he paid his fare, because no money was ever demanded. The demand was the ticket or get off the train. The conductor has no right to put an unconscious and helpless passenger or trespasser off the train, and if he does so he must put him off at a safe place and make temporary arrangements for his safety. The court also erred in submitting to the jury the aggravation of old rupture, because neither the pleading or evidence showed that the plaintiff was suffering from an old rupture, but the proof showed that years before the plaintiff *Page 129 
had some kind of a swelling in his groin, but that it had entirely healed and that the rupture was the result of his being put off the train in the dark on the brink of a pitfall in the shape of an open cattle guard into which he fell. The court also erred in charging contributory negligence, because there was no testimony justifying any such charge. The court also erred in instructing the jury that the plaintiff was guilty of negligence in not giving the conductor his ticket, or in not paying his face, and if he received the injuries after leaving the train that this was contributory negligence and he could not recover. The court further erred in instructing the jury that if the defendant was guilty of negligence in putting plaintiff off the train, but after he was put off plaintiff was guilty of any negligence he could not recover, because there was no evidence to justify any such charge. The court further erred in not preparing his charge to meet the pleadings and proof." This assignment is adopted as a proposition.
"Second proposition: The court must so frame his charge as to apply the law to all the features of the case under the pleadings and the evidence. He must charge on nothing that has not been pleaded and proved. If plead and not proven, or proven and not plead, he must not charge on it; and he must not in his charge give too much prominence to any one feature of the case."
Appellee objects to the consideration of this assignment on the grounds that it is vague and uncertain, and attempts to complain of several different matters, without segregating the particular errors complained of, and is not followed by a proposition and statement from the record as required by the rules. The objections to the assignment must be sustained. Article 1018 of the Revised Statutes requires that assignments of error shall distinctly specify the grounds on which the appellant or plaintiff in error relies. The rules prescribed by the Supreme Court governing the manner in which cases shall be presented in the Courts of Civil Appeals require that an assignment of error must point out that particular part of the proceedings contained in the record in which the error is complained of in a particular manner so as to identify it, and that assignments which are expressed only in general terms and do not specifically point out the error complained of will be considered a waiver of errors, the same as if no assignment had been attempted. These rules further require that each point under each assignment of error in the brief shall be stated as a proposition, unless the assignment itself may sufficiently disclose the point, and each proposition shall be followed by a brief statement, in substance, of such proceedings or parts thereof contained in the record as will be necessary and sufficient to explain and support the proposition, with a reference to the page of the record. Rules 25, 26, 30 and 31 for Courts of Civil Appeals.
Under these rules the assignment and proposition above set out are clearly insufficient to entitle the assignment to any consideration, and the errors attempted to be pointed out must be considered as waived. *Page 130 
Cannon v. Cannon, 66 Tex. 685; Insurance Co. v. Chowning,86 Tex. 654; Brannin v. Dry Goods Co., 30 S.W. Rep., 572; McCreary v. Robinson, 57 S.W. Rep., 682; Cooper v. Lee, 1 Texas Civ. App. 9[1 Tex. Civ. App. 9].
The proposition under this assignment is not followed by a statement from the record as required by the rules. The portions of the charge complained of are not copied in the statement following the proposition, and no reference is made to the page of the record on which they may be found. Under the rules above quoted an assignment not followed by a sufficient proposition and statement can not be considered. Parker County v. Jackson, 5 Texas Civ. App. 36[5 Tex. Civ. App. 36], 23 S.W. Rep., 924.
The fourth, fifth and sixth assignments presented in appellant's brief are subject to the same objections as assignment number 3, above set out, and none of them can be considered.
The seventh assignment, which assails the verdict of the jury on the ground of the insufficiency of the evidence, can not be sustained. There is evidence in the record to sustain the finding of the jury that the defendant was not guilty of negligence causing plaintiff's injuries, and that said injuries were the proximate result of plaintiff's own negligence. The judgment of the court below will be affirmed, and it is so ordered.
Affirmed.
Writ of error refused. *Page 131