## G. I. LAND ET AL. v. B. F. ROBY.

Decided June 9, 1909.

**1.—Landlord's Lien—Consent to Subletting.**

A landlord, who, by written contract, has retained an express lien upon the crops raised upon the premises to secure the rent, does not release or waive such lien by consenting that his tenant sublet to others. The subtenant takes subject to such contract.

**2.—Briefs—Exclusion of Evidence.**

Where appellant asserts error in the exclusion of evidence, his brief should show the state of facts rendering the excluded evidence pertinent; the appellate court can not be required to examine the statement of facts in order to ascertain its relevancy.

**3.—Brief—Refusal of Charge.**

A brief asserting error in the refusal of a requested charge should set

forth the charge requested and whatever facts are necessary to show that error was committed in its refusal.

### 4.—Assignment of Error.

An assignment of error must not embrace two or more unrelated questions.

### 5.—Landlord's Lien—Innocent Purchaser.

Purchasers of cotton raised upon rented land are not protected against the landlord's lien, though buying in good faith for a valuable consideration and without intent to defraud.

### 6.—Issues Unsupported by Evidence.

The court should not submit to the jury an issue not supported by the evidence and the appellant's brief asserting error in failure to submit an issue should show facts requiring such action.

Appeal from the County Court of Coleman County. Tried below before Hon. F. M. Bowen.

*Woodward & Baker,* for appellants.

*Snodgrass & Dibrell,* for appellees.

FISHER, CHIEF JUSTICE.—The appellee Roby brought this suit against the appellant G. I. Land upon two rent-money notes and to foreclose a landlord's and contract lien on certain cotton produced upon the premises rented by appellee to Land. The notes in question were secured by a mortgage on the crop, and appellee also asserted in addition a landlord's lien. The rental contract provided for a lien upon the crop, and that the lessee, Land, should not, without the written consent of appellee, rent or sub-let the premises or any part thereof. This contract was acknowledged and duly recorded. Plaintiff also joined as parties to this suit one Valentine, Brooks, Marion Land, Bevill, R. B. Land, J. U. Land, W. W. Wetherred & Son, J. E. Stevens and Louis Litt. Plaintiff in his petition alleged that these parties had appropriated the cotton in question, against whom the plaintiff asked a judgment for its value.

Defendant Land in his answer, after generally denying, alleged that he rented the premises in question from the plaintiff with the knowledge and consent of plaintiff that he could sub-rent or sub-let a part to his codefendants, R. B. Land, J. U. Land, J. I. Brooks, F. M. Bevill and Fred Valentine for certain portions of the crop.

J. U. Land filed an answer in which he alleged a rental contract from his codefendant G. I. Land, with the knowledge and consent of plaintiff, and that plaintiff offered to purchase from him the cotton in question, and that the plaintiff knew that he had paid the rent due his codefendant G. I. Land, and also plead an estoppel.

The defendant Bevill answered by general denial that he rented part of the premises from one Bell, with the knowledge and consent of plaintiff, with the understanding that he was to pay rent to the plaintiff; that Bell afterwards sold out to Land; that said Land and Roby took up Bell's contract and defendant Bevill paid Land a part of the rent, the balance of which he was ready to pay over as the court would designate.

Defendants Wetherred, Stevens and Litt alleged that they were the purchasers of the cotton and asked that if they should be held liable that they have judgment over against their codefendants from whom they purchased; that the plaintiff waived his lien; that the purchase was made in good faith without intent to defraud the plaintiff.

We do not undertake to quote or set out in full the pleadings, but this is sufficient to indicate in a general way the issues presented by the pleadings. The case was submitted to the jury upon special issues, and all the material facts were found, that were entitled to be submitted, in favor of the plaintiff, upon which judgment was rendered.

No error was committed in refusing to admit the evidence set out in appellants' assignments Nos. 1, 2 and 3. The appellee declared upon a written contract which retained an express lien upon the crops raised upon the premises rented to the lessee Land, to secure the amount of rent due, as shown by the face of the rent notes executed by Land; and if the evidence that appellee gave consent to Land to sub-let had been admitted, it could not have affected the right of Roby under his contract to enforce his lien upon the entire crops produced upon the premises. If the appellee had consented that Land could employ renters, that fact would not of itself imply that he had released or waived the lien in his favor upon the crops raised upon the premises. The renters who cultivated the premises under Land, nor the purchasers of the products from them, would acquire no greater right nor occupy a better position than Land, and are charged with notice of the contract under which he rented the premises and the rights of the landlord reserved by its terms. Forrest v. Durnell, 86 Texas, 648. Furthermore, this question is not properly presented by the brief, and as appellee has objected to its consideration, we do not feel called upon to consider it further than as above indicated. In order to show the materiality of the rejected evidence it was necessary for the appellants to show that there had been a sub-letting of the premises by Land. Neither the assignments, propositions nor statement thereunder contain any such evidence, or show that such fact was established. It is stated that the fact was pleaded, but it is not shown that the fact was proven. This court and other Courts of Civil Appeals have repeatedly held that they are not required to examine the statement of facts in order to ascertain the relevancy of rejected evidence, but that its importance and materiality should appear from some statement contained in the brief.

There was a substantial disposition by the verdict of the jury of the question presented by appellants' fourth assignment of error. Furthermore, the statement is not sufficient to show that error was committed in refusing the charge, nor is the charge sufficiently set out in the brief so that we can determine that it was properly framed and in accord with some issue raised by the pleadings and evidence.

What we said in disposing of the first, second and third assignments of error is sufficient to dispose of the fifth assignment.

The sixth assignment embraces two or more questions which are not related; therefore, it will not be considered, in view of the fact that it is objected to by appellee. But, however, if it is true, as contended by appellants Brooks, Litt and others, that they purchased the cotton from Land or his renters in good faith for a valuable consideration, without

intention to defraud appellee Roby, these facts could not affect the rights of the latter or afford any relief to the appellants.

There are several assignments to the effect that plaintiff permitted, consented to and acquiesced in the sale of the cotton, and that under the evidence these issues should have been submitted to the jury. The statements made under these assignments do not present facts sufficient to show the importance of these questions. Furthermore, we have carefully read the facts contained in the record, and, when viewed in their strongest light in favor of appellants, they are not of sufficient force to justify the court in presenting these issues, nor to establish the fact that the plaintiff by his conduct, either active or passive, waived or released his lien upon the cotton in question.

What we have previously said, in effect, disposes of the eighth assignment, that relates to the supposed right of the appellant Bevill. The jury found as a fact that Bevill consented to the contract of lease between Roby and Land. If such is the fact, he thereafter held in subordination to that contract, and his agreement with Land to cultivate a part of the premises for a part of the crop would not affect the right of the plaintiff under his contract to enforce his lien upon all of the crop raised upon the premises.

We can not agree with appellants as to the questions raised in the eleventh assignment of errors. The evidence, in our opinion, is sufficient to justify the amount recovered against Stevens & Company.

What we have said disposes of the tenth and twelfth assignments. The numbers given to these assignments are those contained in the brief, and are not the numbers stated in the record.

We find no error in the record and the judgment is affirmed.

*Affirmed.*