GENERAL ACCIDENT FIRE & LIFE ASSUR. CORPORATION, Limited, v. ELLISON.

(Court of Civil Appeals of Texas. Amarillo. Oct. 25, 1913. On Motion for Rehearing, Nov. 22, 1913.)

1. APPEAL AND ERROR (§ 742*)—REVIEW—ASSIGNMENTS OF ERROR—PROPOSITIONS.

In an action on an automobile insurance policy, a provision under an assignment of error mentioning a policy clause, giving the company the right suitably to repair the automobile insured at its own expense, did not show a defense where there was no subjoined statement indicating that the company ever attempted to exercise such right.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 742*) — BRIEFS — STATEMENT.

Under Supreme Court rule 31 (142 S. W. xiii), providing that the statement under an assignment of error must be made faithfully in reference to that which is in the record having a bearing on the proposition, it is the duty of the appellant to include in the statement all of the facts in evidence testified to on both sides bearing upon the question in issue so that the appellate court will not be compelled to search the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

On Motion for Rehearing.

3. APPEAL AND ERROR (§ 757*)—BRIEFS—ASSIGNMENTS—PRELIMINARY STATEMENT.

A statement of the evidence under an assignment of error in appellant's brief is insufficient where it refers to the pleadings for part of the facts on which the assignment is based instead of to the facts proved by the evidence introduced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

Appeal from Tarrant County Court; Charles T. Prewett, Judge.

Action by T. B. Ellison against the General Accident Fire & Life Assurance Corporation, Limited. Judgment for plaintiff, and defendant appeals. Affirmed.

H. T. Cooper and H. M. Chapman, both of Ft. Worth, for appellant. Capps, Cantey, Hanger & Short and D. B. Trammell, all of Ft. Worth, for appellee.

HENDRICKS, J. The appellee in this case, plaintiff in the court below, sued the appellant, the insurance company, upon an insurance policy, embracing an automobile, in answer to which the defendant, which we gather from the pleadings in the brief, interposed numerous defenses, which we do not deem necessary to set out.

[1] The appellant, in its brief in this cause, does not seem to think that the policy of insurance sued upon by appellee is of sufficient significance as a constituent element of this case or of its defense to even inform us of a single provision contained in said policy or its proper relation to the case, except that in the first proposition, under its second assignment, there is a bare mention as a part of said proposition, of a provision in the policy giving the insurance company the right to suitably repair the automobile insured at its own expense. Under this proposition there is no subjoined statement indicating in any manner that the company had ever attempted to exercise the right to suitably repair the automobile, the subject of the insurance, and we are unable to understand the relation of said provision to the merits of the cause.

[2] We assume from reading the briefs that the insurance company is denying total liability upon its policy of insurance and also asserting that some freight charges, which appear to have accrued on account of the shipment of the auto to the factory, which manufactured it, for repairs, should not have been included in plaintiff's recovery; and it is also suggested by the briefs upon this latter question that the agency and authority of one Mitchell might have been an important issue in the case. Mitchell's testimony upon this question is not reflected in appellant's brief, except in an argument under its eleventh assignment of error, in which argument certain testimony of the witness is quoted, addressed mainly to the credibility of said witness; and, when we turn to appellee's brief upon this question, this general statement of said witness as to his authority, which does not seem to have been objected to, is found: "As to what my authority is in this territory on behalf of this insurance company, based on my previous dealings with the insurance company and previous adjustments and handling of their business generally in this community, I will say that I am the agent of the company and have absolute authority to bind them for liability and do probably bind them for more liability than any other man in Texas."

Rule 31 (142 S. W. xiii) promulgated by the Supreme Court says that the "statement must be made faithfully, in reference to the whole of that which is in the record having a bearing upon said proposition," which rule is intended primarily in its fulfillment by litigants, for the benefit of the appellate court, divesting the statement of partisanship under the specification of error. We do not impute an intentional overlooking of the record in these matters; we believe differently; but it is apparent, as to each of appellant's assignments, there is not that character of statement extracted from the record bearing upon the propositions brought forward by appellant which the appellate court is entitled

to under the rules. The insurance policy (to a considerable extent the gravamen of the case, as we gather from the pleadings condensed in the brief) is not in reality discussed in the argument of appellant as a part of the case. There is no assistance whatever to this court as to the construction of said policy embracing the matters in issue. Of course there is no statement germane to the real issue in the case upon which a proper discussion could be predicated, and the brief seems to depend upon evidence and matters which appear to constitute, although a part of the case, collateral issues, eliminated from the case by the charge of the court and the verdict of the jury. In this condition, by compelling the appellate court to go to the record for a salient element of the merits of the cause, and in order that appellant's side of the case should be carefully determined, the whole record necessarily would have to be examined, which is not required; an appellate court would not be satisfied after a part of the case is left out of the brief, without an examination of the whole.

This court is not required to supplement a brief upon a fundamental part of the case (rebrief it so to speak); and, the appellee objecting to a proper statement upon matters which appear to be so elemental to an adequate understanding and determination of the whole case, the appellant's brief in this record is not considered, and after inspection of the record for fundamental error, which we do not find, the judgment of the lower court is affirmed.

### On Motion for Rehearing.

[3] The appellant in this case presents a supplemental brief for the consideration of this court, accompanying its motion for rehearing, and also insists that we erred in not considering the assignments in their original brief, upon which the cause was submitted, contending that, as certain provisions of the insurance policy were set out in the preliminary statement of the nature and result of the suit as a part of the pleadings in the cause, we should have considered those provisions because the suit was based upon written contract. We, of course, noticed this on our former consideration of the case; that is that certain provisions were set out as having been pleaded by the appellee, and that the appellant insurance company also sets out a part of its own pleading in which it alleges that plaintiff failed to copy in its petition the whole of a certain paragraph and purports to copy the same as a part of the pleading. Under none of the assignments or propositions is there any reference to that part of the pleadings germane to any question involved, even if this court could possibly consider a statement of the pleadings as equivalent to a statement as being the same which should have been extracted from the statement of facts. The uncertainty of a matter of this kind is illustrated by this very brief, where the defendant in the court below pleaded that the plaintiff did not set out enough of the contract with reference to which plaintiff relies for its cause of action. All of the provisions of the insurance policy, which we have to presume are relied upon by the appellant as defeating the appellee's cause of action, are merely stated as being in the pleadings, and we think it would be anomalous for a higher court to have to resort to a preliminary statement of this character and make the pleadings a part of a statement, under appellant's assignments and proposition, in aid of its contentions as to the reversal of the cause. If there was not any statement of facts in the record, then to take the pleadings as equivalent to issues proven would be an intolerable assumption by a higher court, and almost equally so would be our action in the condition of this record. Our consideration of the supplemental brief in this matter would require a setting aside of the submission of this cause and a resubmission of the same at some future date, with an order that the appellee be given opportunity and time to answer said supplemental brief, which we do not feel warranted in doing.

The motion for rehearing and to file the supplemental brief is in all things overruled.