DAVIDSON v. JONES, SULLIVAN & JONES. (No. 220.)

(Court of Civil Appeals of Texas. Beaumont. May 31, 1917. Rehearing Denied June 27, 1917.)

1. JUSTICES OF THE PEACE ☞159(2)—APPEAL—PAUPER'S AFFIDAVIT—SUFFICIENCY.

An affidavit by one member only of plaintiff partnership, to the effect that they were unable to pay costs or give security therefor, was sufficient on appeal from justice to county court to entitle plaintiffs to prosecute the cause as upon pauper's oath under the statute; there being no contest of such oath.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 544. 551.]

2. AFFIDAVITS ☞2—AUTHORITY TO MAKE.

Any member of a partnership in this state has authority to make an affidavit for the firm in all matters and suits where required.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. §§ 5–15.]

3. APPEAL AND ERROR ☞1043(2) — APPEAL—ERROR CURED BY DECISION.

Refusal to sustain defendant's motion to dismiss plaintiffs' appeal from decision of justice court for insufficiency of affidavit of inability to pay cost, was harmless where plaintiffs recovered judgment which carried with it costs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4116.]

4. JUSTICES OF THE PEACE ☞91(3)—PLEADING—SUIT BY PARTNERSHIP—STATEMENT OF PARTNERS' NAMES.

In justice court, where the account sued on, as well as the complaint, referred to the contract of lease, which gave the names of the partners, the pleadings were sufficient, although the members were not named therein.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 310, 316.]

5. TRIAL ☞251(2)—INSTRUCTIONS—APPLICABILITY TO ISSUES.

In an action by partnership lessees to recover damages for eviction by lessor, where defendant claimed that all of the partners agreed to and did turn back the premises, the court did not err in submitting special issue whether all members voluntarily returned the premises, and not whether one did.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 589.]

6. APPEAL AND ERROR ☞736—DUPLICITOUS AND MULTIFARIOUS ASSIGNMENTS.

One assignment, attempting to challenge refusal to give several different special charges pertaining to different matters and contentions entirely unrelated, is both multifarious and duplicitous, and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029.]

7. APPEAL AND ERROR ☞742(1)—DEFECTIVE ASSIGNMENT—COMPLIANCE WITH RULES.

Where an assignment is not followed by such a proposition of law as is required by the rules, and the statement thereunder is not as required, it will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000.]

8. JUSTICES OF THE PEACE ☞44(8)—JURISDICTION—AMOUNT.

Where the complaint prayed for actual damages less than $200, without any prayer for interest or general relief, the justice court had jurisdiction, though, had interest been claimed, jurisdiction would have been defeated.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 166.]

Appeal from Nacogdoches County Court; John F. Perritte, Judge.

Suit in justice court by Jones, Sullivan & Jones, a partnership, against John P. Davidson. There was judgment for defendant, and plaintiffs appealed to the county court, where they prevailed, whereupon defendant appeals. Affirmed.

C. A. Hodges, of Nacogdoches, for appellant. S. M. Adams, of Nacogdoches, for appellees.

HIGHTOWER, C. J. This suit was filed by appellees, Jones, Sullivan & Jones, a partner-

ship composed of Mary E. Jones, E. F. Sullivan, and T. E. Jones, in one of the justice's courts of Nacogdoches county, against John P. Davidson, wherein appellees sought to recover a money judgment against appellant for the sum of $199.99, as actual damages. The record discloses that on the 12th day of January, 1916, appellant, by written contract of that date, leased and rented to the partnership of Jones, Sullivan & Jones, for a period of three years from that date, the lower story of a certain brick building in the town of Nacogdoches, owned by appellant, and which had theretofore been used as a restaurant, this portion of the building consisting of several rooms. The consideration for this lease, as specified in the contract, was $60 per month, to be paid monthly in advance for the entire period of three years. The record further shows that appellees paid the rent under this contract up to March 12, 1916, there being a receipt in the record from appellant to appellees showing that fact. At the time this written contract of lease was executed, said partnership also purchased of appellant the restaurant furniture, cooking utensils. etc., and all of the groceries then on hand in said restaurant, and paid appellant therefor. It was the intention of this partnership to use and occupy this building, and carry on the business of a restaurant, which it commenced to do immediately upon taking possession. Appellees, in their complaint in the justice court, alleged that appellant, about the last of February, 1916, over the protest and objection of appellees, and in violation of his contract of lease, entered upon said leased premises, and forcibly took possession of same, and refused to permit appellees to longer occupy said leased premises, therefore breaching his contract with appellees, to their damage in the sum of $61.53, and appellees' complaint further alleged that at the same time appellant forcibly took and converted certain articles of personal property then owned by them, and situate in said restaurant, which, at the time of such conversion was of the value of $138.46, to the damage of appellees in said amount, which two amounts aggregate $199.99. Appellant's answer, as best we can gather from the transcript, consisted of exceptions and plea to the jurisdiction of the justice's court to entertain appellees' suit, on the ground that the aggregate amount sued for by appellees was in excess of the jurisdiction of said court, and, further, by general denial, and also a special plea to the effect that appellees voluntarily turned back said leased premises to appellant, and the personal property therein claimed by appellees, in consideration for appellant's releasing appellees from further liability under said lease contract. Upon trial in the justice's court. without a jury, the court rendered judgment in favor of appellant. Appellees, in proper time, carried the case by appeal to the county court of Nacogdoches county, and upon

trial in the last-named court, which was with a jury, verdict and judgment were rendered in favor of appellees for the sum of $100, with legal interest on that amount from date of judgment, and appellant, in proper manner, has brought the case, by appeal, to this court.

It seems that when the case reached the county court, appellant ruled appellees for costs, and in response Mary E. Jones, one of the members of the partnership, filed a pauper's oath, in which she stated that she and E. F. Sullivan and T. E. Jones, composing said partnership, were unable to pay the costs of court, or to give security therefor. But there was no affidavit made by either of the other members of the firm, and therefore appellant contends that since neither of the other members of the firm filed an affidavit of inability to pay costs or give security therefor, the court erred in not sustaining his motion to dismiss the case, which motion appellant duly made, and which the court overruled. The proposition under this assignment is as follows:

"When the defendant is required to give a bond to secure costs, and it appears from the pleadings that defendants consist of several persons, affidavit should be made by each of the defendants."

In disposing of this assignment, we might say that the court might ignore it altogether, for the reason that the proposition thereunder is in no manner germane to the assignment; appellees were not defendants below, but were plaintiffs, and the proposition of law under this assignment is that defendants in a suit, when required to give a cost bond, and claimed inability to do so, each of such defendants should make an affidavit to that effect. We might dispose of this assignment by saying that we know of no rule of law that requires defendants in any court to give a cost bond, or to make affidavit of inability to pay costs. We presume that appellant means by this proposition that appellees should have each filed an affidavit of their inability to pay the costs, or to give security therefor.

[1] If, in any case where several persons sue jointly as plaintiffs, each one can be required to make affidavit for himself of inability to pay costs or give security therefor, and an affidavit made by one of the plaintiffs in such a case for all of them would not be sufficient, still, we think that in this case, where the plaintiffs constitute a partnership, and sue as such, an affidavit by either of the members of the firm, to the effect that they are unable to pay the costs or give security therefor, is sufficient to entitle such plaintiffs to prosecute the cause as upon pauper's oath under the statute; there being no contest of such oath.

[2] We understand it to be the law that any member of a partnership in this state can make an affidavit for the firm in all matters and suits where an affidavit is required, and that is, in effect, what was done in this case. There seems to have been no contest

made by appellant of the affidavit made by Mary E. Jones.

[3] If, however, we should be mistaken in this view, still we say that the action of the court in refusing to sustain appellant's motion to dismiss for the want of proper affidavit of inability to pay costs or give security therefor by each of the members of said partnership, still such error on the part of the court was harmless, and has not resulted in any injury to appellant, for the reason that appellees recovered a judgment against appellant, which carried with it a judgment for costs in their favor. The assignment is overruled.

The second assignment is to the effect that the court erred in refusing to sustain appellant's motion and exception to dismiss the suit, because the individual names of the persons composing the partnership of Jones, Sullivan & Jones, plaintiffs below, were not stated in the complaint of appellees, nor in the citation issued on such complaint. Such a motion was made by appellant below, both in the justice's court and in the county court, and was overruled in both instances.

[4] The proposition under this assignment is that the individual names of partners must be stated in the pleadings. Since this suit was commenced in a justice's court, the strict rules of pleading required in courts of record were not applicable, and it was not required that the complaint of appellees in the justice's court should be as specific in all particulars as would be required in a pleading filed in the county or district court. We notice, however, from the transcript that the account sued on by appellees in the justice's court refers to and specifically mentions the written contract of lease executed by appellant, the breach of which was claimed by appellees, and upon inspection of this contract, we find that the individual names of each of the members composing the partnership of Jones, Sullivan & Jones appear in said contract. This contract, therefore, having been specifically referred to in the complaint and cause of action filed by appellees in the justice's court, became a part thereof, and, in fact, the original contract was filed along with the account sued on, and was entirely sufficient to give appellant notice as to who constituted the partnership of Jones, Sullivan & Jones. There is nothing in this assignment, and it is overruled. Railway Co. v. Philips, 63 Tex. 590; Vernon's Sayles' Texas Civil Statutes, art. 2326; Rector v. Rice Milling Co., 100 Tex. 591, 162 S. W. 402. Many other authorities might be cited, from which it would appear that the contention of appellant as to this assignment is not tenable.

The case was submitted to the jury on special issues, which, together with the answers of the jury thereto, were as follows:

"Special Issue No. 1: Did Jones, Sullivan & Jones voluntarily return the restaurant and fixtures back to John P. Davidson? Jury answered, No.

"If you answer, Yes, you need not answer the following issues:

"Special Issue No. 2: Were Jones, Sullivan & Jones damaged by the taking of the restaurant and fixtures back by John P. Davidson? Jury answered, Yes.

"If you answer, Yes, you will answer special issue No. 3.

"Special Issue No. 3: How much was Jones, Sullivan & Jones damaged? You will answer in dollars and cents. Jury answered, $100.00."

Appellant's third assignment of error is as follows:

"The court erred in its charge in special issue No. 1 submitted to the jury, as to whether or not plaintiff voluntarily surrendered said property to the defendant, but should have charged the jury that if the plaintiff, or either one of the plaintiffs, turned over said property to the defendant, then in which event, the jury should have been instructed to answer special issue No. 1, Yes, as is shown by defendant's special charge No. 1 and bill of exceptions No. 1, herewith presented and made a part hereof, and also which special charge thus presented to the court is now referred to and made a part hereof."

[5] It is true, as pointed out by appellant, that the court in its charge to the jury did not tell the jury that if either of the members of the partnership composed of Jones, Sullivan & Jones voluntarily surrendered and turned back the premises in question to appellant, such action on the part of such member would be binding on the firm, and that the appellant would not be liable as for the breach of the contract set up by appellees, and we are not sure that it would have been proper for the court to have so instructed the jury, for the reason that we are not prepared to concede that any one member of the firm of Jones, Sullivan & Jones had the authority to so wind up their partnership business, and release appellant from his contract, especially without the consent of at least one of the other members of said firm, and there is nothing in the record to show that any one member of said firm was so authorized by any other member of the firm. But aside from this, we think that the charge of the court, as given, followed the theory and claim of appellant on this issue, both in his pleadings and as to the evidence introduced by him. It is clear from the record before us that appellant claimed, in the lower court, that all the members of this partnership expressly agreed and did turn back to appellant the premises in question, in consideration of the firm being released from the contract with appellant, and the evidence introduced by appellant is to the effect that all the members so agreed. It is nowhere claimed by appellant that one of the members of Jones, Sullivan & Jones acted for the others, or purporting to act for the others, turned back the premises to appellant, and therefore we think that the charge of the court, as given, in following the contention of appellant, both according to his pleadings and his evidence, was correct, and that there was nothing calling for an instruction to the effect that the consent of one of the members acting for the others, would be sufficient to

protect appellant against the claim of breach of contract. In view of appellant's pleadings and his evidence on this point, it is but reasonable to presume that if the jury believed that any member of the firm consented to return the premises to appellant, then all of them did; but the jury found, in effect, following the plea and the evidence of appellant, that none of said members so agreed to turn back to appellant said premises. We think that there was no error, under the circumstances, committed by the trial court, as claimed in this assignment.

Appellant's fourth assignment is as follows:

"The court erred in not giving the defendant's special charges Nos. 1, 2, 3, and 4, hereto attached and made a part hereof."

The proposition under this assignment is:

"The special charges hereinafter referred to will have to be read in connection herewith. The issues presented by said special charges were raised by the testimony, and any disputed question of fact should be submitted to the jury. This proposition is asked to be considered in connection with the assignment and the special charges, in view of the testimony hereinafter quoted."

The statement following this proposition under this assignment is as follows:

"Special Charge No. 1: 'There having been no parties plaintiff in the court below in this cause, you are charged to find for the defendant.'

"Special Charge No. 2: 'You are instructed, in answering special issue No. 1 presented in the court's charge, that if you find that either member of the firm voluntarily turned said property over to the defendant, then you should answer special issue No. 1, Yes.'

"For additional statement, see testimony already quoted under assignment No. 3, where, in substance, appellant's witnesses testified appellees voluntarily surrendered the premises.

. "Special issues were reserved for the court's refusing to give these charges."

[6, 7] Thus, it will be readily seen that under this one assignment, the action of the trial court is attempted to be challenged because of its refusal to give several different special charges pertaining to several different matters and contentions, and entirely unrelated to each other, and therefore the assignment is both duplicitous and multifarious, and under the rules cannot be considered, and, besides, such assignment is not followed by such a proposition of law as is required by the rules, nor is the statement thereunder such as is required, and the same will not therefore be considered.

[8] The fifth assignment is:

"The court should have dismissed this suit for the want of jurisdiction; the amount sued for being in excess of the court below. Hence the court has no jurisdiction."

. The proposition under this assignment is:

"If suit is for damages $199.99, then, as a matter of law, interest is due from the date of damage and becomes a part of the principal, and in which event would total more than $200,

and beyond the jurisdiction of justice court. The justice court would not have jurisdiction where the amount exceeds $200."

Notwithstanding the condition of this assignment and the proposition thereunder, we have considered it, and the same is overruled, for the reason that the amount sued for, as shown by the account or complaint filed in the justice court by appellees, was for actual damages in the aggregate sum of $199.99, a part of which was claimed for breach of the contract hereinbefore mentioned, and the balance for conversion of personal property, as hereinbefore explained, and nowhere in the complaint was interest prayed for by appellees, on either item, and therefore the amount claimed by appellees and put in controversy in the justice court below was not in excess of $200, as claimed by appellant, and therefore not in excess of the jurisdiction of the justice court. Appellant's contention, to the effect that interest was recoverable as a matter of law on the amount thus claimed by appellees in the justice court, is not correct, though it may be conceded that had appellees prayed for interest in the justice court below, upon the amount claimed as damages, the court might have been authorized to allow interest, and had such been the situation, it may be that the amount so claimed by appellees would have been in excess of the jurisdiction of the justice court. Appellant cites as an authority for his contention that the amount claimed was in excess of the jurisdiction of the justice court the case of Railway Co. v. Perkins, 184 S. W. 725. We have examined this authority, and hold that it has no application here. It was held by the court in that case that where the plaintiff claimed interest, which, added to the principal amount sued for, would be in excess of the jurisdiction of the justice court, then the justice court had no jurisdiction, and, of course, the county court would have no jurisdiction on appeal of the case to that court, and the court further held in that case that a prayer for general relief would be sufficient to authorize a recovery of interest, and therefore that interest was, in fact, sued for in that case, and the amount claimed was therefore in controversy of the jurisdiction of the justice court. In this case, however, there was not even a prayer for general relief. But all that was claimed was $199.99, as actual damages. The authorities which are cited by the court rendering the opinion in Railway Co. v. Perkins, supra, clearly support the conclusion we have reached on this point. The assignment is overruled.

Failing to find any error in the judgment complained of, we conclude that the same should, in all respects, be affirmed; and it is so ordered.