HOOKS et al. v. PATE.　(No. 264.)

(Court of Civil Appeals of Texas. Beaumont. July 11, 1917. Rehearing Denied Oct. 10, 1917.)

1. APPEAL AND ERROR ☞742(1) — BRIEFS — NONCOMPLIANCE WITH RULES.

Where the assignments are not followed by propositions or statements, and the brief does not comply with the rules governing appellate courts, this court will not on its own motion consider the brief in detail.

2. JUSTICES OF THE PEACE ☞122(2) — DEFAULT JUDGMENT—PROCESS.

Although defendant was originally alleged to reside in H. county, if in fact he had removed to the county where the suit was brought, process could be issued by the justice of the latter county, and if properly served would support the judgment by default.

Error from Jefferson County Court; D. P. Wheat, Judge.

Suit in justice's court by S. J. Pate against Chas. G. Hooks and another. From a decision of the county court on certiorari, affirm-

ing the decision of the justice in reviving a dormant judgment for plaintiff, defendant named brings error. Affirmed.

Thos. J. Baten, of Beaumont, for plaintiff in error. D. E. O'Fiel, of Beaumont, for defendant in error.

BROOKE, J. This suit originated in the justice court, precinct No. 1, Jefferson county; said court being presided over by Hon. H. E. Showers. On the 7th day of September, 1912, the defendant in error filed in said suit a written statement, wherein he sued plaintiff in error, seeking to enforce the collection of a joint and several promissory note, in the sum of $150, bearing date October 20, 1911, signed by said defendant, and payable to the defendant in error, S. J. Pate, on demand, at Beaumont, Tex.; the note bearing interest at the rate of 8 per cent. per annum, and providing that in the event same is placed in the hands of an attorney for collection, or if collected by suit, an additional 10 per cent., principal and interest, should be due. The plaintiff alleged that the amount was due and unpaid; that demand had been made for payment of the note; that the parties had failed and refused to pay the same, and placed the same in the hands of an attorney, and obligated himself to pay attorneys' fees. It may be said that in the original suit Chas. G. Hooks was alleged to reside in Hardin county, Tex., and his codefendant, J. W. Smith, was said to reside in Coleman county, Tex.

After the said suit, and said statement of the cause of action was filed in the justice court and before the issuance of citation to Hardin county, the defendant in error, through his attorney, was advised that the defendant Hooks was then residing in Jefferson county, Tex., where citation could be served upon him, and thereupon he caused the citation to be issued to Hooks in Jefferson county. The sheriff of Coleman county received the citation to be served on Smith, and returned the same unserved, with the information that Smith was not in Coleman county, Tex. At the time the request was made to the justice of peace to issue a citation for Hooks to Jefferson county, the justice was asked to make a notation of such request on his docket. After the appearance day of the next term of said justice court, on October 5, 1912, the suit was dismissed as to the defendant Smith, and judgment by default was rendered against defendant Hooks. No execution was issued on said judgment within a space of 12 months from its rendition, and said judgment became dormant. On October 25, 1912, action was brought to revive said judgment in said original suit, and citation was issued to plaintiff in error to Hardin county, and he was served with citation. On November 29, 1915, plaintiff in error filed his motion to quash the citation served on him in the suit brought to

revive said former judgment, setting up the following facts:

"Now comes Chas. G. Hooks, the defendant herein, and appearing solely for the purposes of this motion and for no other purpose, moves the court to quash the citation served on him in this cause, and in support of this motion he shows to the court as follows: First. Said citation served on this defendant does not at any place show, and it does not state, when the suit was filed, as is required by the statutes of this state. Defendant attaches hereto the citation served on him for the purpose of verification of this statement. Wherefore this defendant prays that said citation be quashed and held for naught."

The court overruled the motion, and revived the judgment. The plaintiff in error filed his petition for certiorari January 10, 1916, which same was granted. Upon hearing, the county court rendered judgment also reviving the judgment of the lower court, and ordering execution to be issued, from which said judgment this appeal has been perfected.

[1] The appellant, in his brief, has filed 12 assignments of error. However, these assignments are not followed by propositions or statements, and the brief does not comply with the rules that govern appellate courts, and, notwithstanding there is no motion to not consider the same, the brief is in such violation that the court, of its own motion, will not consider the same in detail.

[2] There seems to be a controversy as to whether or not the service in the lower court in the original suit was sufficient to uphold a default judgment, and complaint seems to be made that notwithstanding the petition was filed in the justice court, setting out that Hooks was a resident of Hardin county, and Smith a resident of Coleman county, counsel for defendant in error went to the justice of peace and told him to note the fact that one of the people from whom he was asking judgment had removed his place of residence to Jefferson county, and was no longer a resident of Hardin county, and that thereupon the justice directed that process be issued to Jefferson county for the said Hooks. We think that the action of the justice of peace was permissible, and that if, in fact, Hooks had removed to Jefferson county, although he was originally alleged to reside in Hardin county, nevertheless process could be issued to Jefferson county, and if properly served on him would support a judgment by default.

What has been said above seems to be the only controversy in the case. It is nowhere complained that Hooks had any meritorious defense; that he had either paid or attempted to pay the debt sued upon, but he only claims that a judgment in violation of his rights had been taken upon service not sufficient under the law. The transcript of the lower court shows that the judgment recited as follows:

"On this 5th day of October, A. D. 1912, came on to be heard the trial of the above enti-

tled and numbered cause, and the plaintiff appearing, by himself as well as by his attorney; and it appearing to the court that the citation issued to the defendant J. W. Smith has been returned not served, the plaintiff says that he will not further prosecute his said suit against the said defendant. It is therefore considered by the court that the plaintiff take nothing by his suit against the defendant J. W. Smith, and that the said J. W. Smith recover of the plaintiff, S. J. Pate, all his costs in this behalf expended, for which he may have his execution. And the said defendant Charles G. Hooks, though duly cited, having failed to appear and answer herein, and it appearing to the court that the cause of action is liquidated, and proven by an instrument in writing, and the same having been submitted to the court and by him fully considered, the plaintiff's said damages are assessed by the court at $150, with interest thereon at the rate of 8 per cent. from the 20th day of October, 1911."

The recitation in the judgment showing that service was had upon said Hooks, and it appearing from the same that he was duly cited to appear, the judgment of the justice before whom the case was originally tried, by default, was fully authorized. The only matter inquired into in the county court, therefore, was as to the fact of whether or not legal service upon the said Hooks was had in the original trial of the case. The county court found, as he had a right to do, that service had been duly had, and taken by default upon the said Hooks, and the only matter that remains to be established in the county court was whether the said judgment should be revived.

We have gone over the record thoroughly. We find no error apparent of record, which would authorize this court to set the judgment of the county court aside; in fact, we believe the county court acted correctly in the premises in reviving said dormant judgment, which had been made and entered by default in the original trial. Such being the case, the said judgment is in all things affirmed.