RUSSELL et al. v. OLD RIVER CO. et al.
(No. 435.)

(Court of Civil Appeals of Texas. Beaumont.
March 10, 1919.)

1. APPEAL AND ERROR ☰⟹759—BRIEFS—CONSECUTIVE NUMBERING, OF ASSIGNMENTS—RULE OF COURT.

Under Rules for the Courts of Civil Appeals, No. 29 (142 S. W. xii), a brief wherein the assignments were numbered from 1 to 10, consecutively, omitting 4 and 5, was improper as not numbering all the assignments consecutively.

2. APPEAL AND ERROR ☰⟹742(2) — ASSIGNMENT OF ERROR—MULTIFARIOUS CHARACTER—PROPOSITIONS NOT GERMANE — LACK OF SUPPORT BY ADEQUATE STATEMENT.

Assignment of error, divided into six separate paragraphs, each separately numbered, except the first, and each paragraph within itself being a separate assignment, which is followed by no statement whatever, except "See testimony V., S. F. 3 et seq., testimony R., S. F. 50 et seq., testimony H., S. F. 30 et seq.," is improper as multifarious, having propositions under each paragraph not germane to the assignment, and as not supported by adequate statements, and should not be considered, in view of the Rules for the Courts of Civil Appeals, Nos. 25, 26, and 30 (142 S. W. xii, xiii).

3. APPEAL AND ERROR ☰⟹766 — IMPROPER BRIEFING—CONSIDERATION OF BRIEF.

Where appellee is deprived of no valuable right by omission of appellant in briefing, the Court of Civil Appeals would not be disposed to disregard his brief, but under its rules on appeal appellant has the laboring oar, and it is the duty of his counsel on his professional honor to state all the facts in the record supporting his assignments, and when he fails he deprives appellee of a valuable right, and the brief will not be considered.

4. APPEAL AND ERROR ☰⟹757(1)—ABSENCE OF STATEMENT AND SUPPLEMENTAL BRIEF—ACCEPTANCE OF STATEMENTS IN ADVERSE PARTY'S BRIEF.

Where appellants make no statement, and do not file a supplemental brief contesting the statements made by appellees, the Court of Civil Appeals will take such statements as correctly reflecting the facts of the record.

---

☰⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. LANDLORD AND TENANT ⬳79(2)—SUBLEASE AS ASSIGNMENT—RESPONSIBILITY OF SUBLESSORS.**

Where a lessee in turn leased the premises for the same length of time, there was an assignment of his lease, and the sublessees became responsible to the lessor to the same extent as if the contract of lease had been made directly to them.

**6. LANDLORD AND TENANT ⬳246(4)—LANDLORD'S LIEN—CATTLE OF SUBLESSEES—STATUTE.**

Under Rev. St. 1911, art. 5664, the lessor of pasture lands held a lien on the cattle of sublessees of such lands for the rent due from the lessee.

**7. LANDLORD AND TENANT ⬳75(3) — SUBLEASE—BINDING FORCE ON LESSOR.**

Where it was understood between the lessor and lessee of pasture lands that the lessee was to sublet or assign to other parties, the lessor, though not having the particular sublessees in mind, is bound by the lessee's assignment or sublease; the relation of landlord and tenant existing between him and the sublessees.

**8. EVIDENCE ⬳441(4) — PAROL EVIDENCE—SUBLEASE OR ASSIGNMENT.**

In suit by lessor and lessee against sublessees, the latter cannot defend on the ground of a parol statement made before the sublease or assignment was executed.

**9. EVIDENCE ⬳441(4) — PAROL EVIDENCE—SUBLEASE.**

In suit by the lessor and the sublessor of pasture lands, proof that the sublessor falsely represented to his lessees that he owned 20,000 acres of land over which their cattle could graze, thereby inducing the sublessees to lease, would have been inadmissible as varying the terms of the writing by a parol contemporaneous agreement to furnish lands not specified.

**10. APPEAL AND ERROR ⬳719(6) — FUNDAMENTAL ERROR — MISREPRESENTATIONS AS DEFENSE—DIRECTION OF VERDICT.**

In suit by lessor and sublessor of pasture lands, direction of verdict for plaintiffs *held* not erroneous in so far as concerned the allegation of defendants that the sublessor took them around the leased premises, and pointed out certain lands as being included, which in fact were not included, where such lands are not described or their value stated; allegation not being sufficiently specific for Court of Civil Appeals to determine under a proposition of fundamental error whether or not the court had erred in so directing verdict.

**11. APPEAL AND ERROR ⬳719(6) — FUNDAMENTAL ERROR—BREACH AS DEFENSE—DIRECTION OF VERDICT.**

In suit by lessor and sublessor of pasture lands, direction of verdict for plaintiffs, in view of testimony of a defendant, *held* not patently erroneous on an assignment of fundamental error in relation to the sublessees' plea that their cattle did not do well on the lands described in the sublease, and that the sublessor refused to furnish other lands as he had agreed to do.

Appeal from District Court, Liberty County; J. Llewellyn, Judge.

Suit by the Old River Company against T. C. Dunn, Jr., R. R. Russell, and others, wherein T. C. Dunn, Jr., by his answer made W. E. Vasbinder a party. From the judgment, R. R. Russell, W. E. Vasbinder, and the other defendants, except T. C. Dunn, Jr., appeal. Affirmed.

Horace E. Wilson, of San Antonio, for appellants.

Oswald S. Parker, of Beaumont, Andrews, Streetman, Logue & Mobley, of Houston, and E. B. Pickett, Jr., of Liberty, for appellees.

WALKER, J. In September, 1917, Old River Company made a verbal contract with T. C. Dunn, Jr., whereby the said Dunn was to have permission to pasture about 2,500 head of cattle on 7,000 or 8,000 acres of its lands in Chambers and Liberty counties for an agreed consideration of $3,500; pasture rights to extend until April 1, 1918. Afterwards, Dunn made a contract with W. E. Vasbinder to pasture for him 2,500 head of cattle for the same length of time, and on the same lands, this contract being in writing, and is as follows:

"Houston, Texas, Sept. 12, 1917.

"This agreement entered into this day by and between T. C. Dunn, Jr., of Houston, Harris county, Texas, and W. E. Vasbinder of Center Point, Kerr county, witnesseth:

"That the said Dunn for and in consideration of three dollars and fifty cents ($3.50) per head agrees to pasture, beginning September 15, 1917, twenty-five hundred (2,500) head of cattle for said Vasbinder, in part of the rice fields and pastures belonging to the Old River Rice & Irrigation Company in Chambers county, Texas. Said Dunn agrees to receive said cattle at the unloading pens at Walley, Chambers county, Texas, and deliver the said cattle back to and onto the train at Walley, Chambers county, Texas, or other point to be agreed upon later, free of extra cost to said Vasbinder on or about April 20, 1918. If said Vasbinder desires to ship out said cattle on or before April 1, 1918, then said Dunn is to deduct fifty (50¢) cents per head from said cattle, and the amount to be paid said Dunn by said Vasbinder will be three ($3.00) dollars per head instead of three dollars and fifty cents ($3.50) per head. The said amount to be paid said Dunn when cattle are delivered back to said Vasbinder on the train at Walley, Texas, or point to be decided on. In the event said cattle fail to do well in the rice farms and pastures in which they are to be located, on account of lack of feed in the way of sufficient grasses, tame or otherwise, then the said Dunn hereby agrees to give the said cattle more room in said rice farms and pastures.

"It is hereby understood by and between said Dunn and said Vasbinder that they are to hire a man to stay with the said cattle, to look after

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and care for them, and the said Dunn and said Vasbinder are to pay one-half each of the expense of this man. It is hereby acknowledged by the said Dunn that said Vasbinder has paid to said Dunn five hundred ($500.00) dollars in cash to show his good faith in the premises.

"T. C. Dunn, Jr.
"W. E. Vasbinder.

"Witness: John J. Boyle."

Vasbinder then arranged with R. R. Russell, R. H. Martin, and T. P. Russell for them to pasture their cattle with his on the property described above; they to pay Vasbinder $4 per head. Some time about the last of November or the first of December, Old River Company notified Vasbinder and his associates that Dunn had not paid the $3,500 due by him, and that the company was going to look to them for this pay, and advised them not to pay their rent to Dunn until Old River Company was paid. Part of the cattle of appellants remained on the land of Old River Company after the expiration of their contract with Dunn, under a special contract between them and Old River Company. Dunn never paid Old River Company, nor did the appellants herein pay Dunn or the Old River Company.

This suit was brought by Old River Company against R. R. Russell, R. H. Martin, T. P. Russell, and T. C. Dunn, Jr., to recover $3,500 rental, which Dunn had agreed to pay, less a small credit entered by agreement, and to forclose the lien claimed by Old River Company against the cattle; it pleading the contract substantially as set out above.

T. C. Dunn, Jr., answered, making Vasbinder a party to the suit, and alleging that Russell, Martin, Russell, and Vasbinder, the appellants here, were partners, pleading the contract between him and Vasbinder, and asking for judgment against them as partners for the amount due under the contract, this amount being in the sum of $5,970.67, the appellants having paid about $1,900 on this contract before the suit was filed.

The appellants answered the plaintiff's petition and this affirmative action of Dunn against them, by pleading the contract as above set out, and further that, at the time of the execution of said contract, Dunn pointed out to appellants certain lands as being the lands on which appellants were to pasture their cattle, and that Dunn falsely represented to appellants that he had 20,000 acres of land on said premises, 5,000 of which was pasture land and 15,000 of which was rice land, and that appellants could have the use of all of this land for their cattle, if necessary; that he further represented that the stacks of rice straw on the premises were for the use and benefit of appellants' cattle; and that the premises were well watered by wells and running bayous, and that Dunn took them on the lands and pointed out to them certain land as being a part of the

leased premises, which in fact was not. He further alleged that all of said representations were falsely and fraudulently made by Dunn for the purpose of inducing appellants to pasture their cattle with him and enter into the above agreement; that Dunn further agreed that if the cattle failed to do well on the rice farms, to give the cattle more room, and this representation was falsely and fraudulently made by the said Dunn; that the said Dunn failed and refused to carry out all the representations made by him before the contract was signed; and that appellants suffered damages thereby in the sum of about $29,000. They did not deny under oath the partnership as pleaded by Dunn.

On the trial of the case before a jury, on the conclusion of the testimony, the trial court instructed the jury to return a verdict for Old River Company against Dunn and R. R. Russell, R. H. Martin, and T. P. Russell, for the amount claimed by it, with a foreclosure of lien against the cattle owned by appellants; and also instructed a verdict for Dunn against all of the appellants for the amount claimed by him against them in the sum of $5,970.67, with a foreclosure of lien against the cattle; the judgment further providing that appellants, when they paid the Old River Company judgment, should have a credit for the same against the judgment held by Dunn. To this action of the court, appellants excepted, and this case is now before us on appeal. All parties have filed briefs.

Appellees object to our considering appellants' brief, asserting that the same is not prepared according to the rules for briefing. These objections are well taken.

[1] Appellees' first objection is that the assignments are not consecutively numbered, as required by said rules. Appellants' assignments are numbered 1, 2, 3, 6, 7, 8, 9, 10, 11, and 12; it thus appearing that the fourth and fifth assignments are omitted. Appellants' brief is subject to this criticism. Rule 29 for the Courts of Civil Appeals (142 S. W. xii); Barron v. White, 155 S. W. 590; Grisham v. Connell Lbr. Co., 164 S. W. 1107; Taylor v. Butler, 168 S. W. 1004; Petty v. City of San Antonio, 181 S. W. 224; Western Union Telegraph Co. v. Golden, 201 S. W. 1080.

[2] The following additional objections are made against appellants' tenth assignment of error:

(a) Said assignment is multifarious.

(b) The propositions under said assignments are not germane to the assignment itself.

(c) Neither the assignment nor the propositions thereunder are supported by statements adequate to advise the court concerning the issues sought to be presented or to

enable the court to form any judgment concerning such issues.

This assignment is divided into six separate paragraphs, each separately numbered, except the first, and each paragraph within itself being a separate assignment. It is followed by no statement whatever, except:

"See testimony Vasbinder, S. F. 3 et seq., testimony T. P. Russell, S. F. 50 et seq., testimony Hedgard, S. F. 30 et seq.," etc.

This assignment is subject to this criticism, and under the following authorities it should not be considered:

To the effect that an assignment which is multifarious will not be considered, see Rules 25, 26, and 30 for Courts of Civil Appeals (142 S. W. xii, xiii); Davidson v. Jones, Sullivan & Jones, 196 S. W. 571; Holton v. G., H. & S. A. Ry. Co., 31 Tex. Civ. App. 128, 71 S. W. 408.

To the effect that, where the propositions are not germane to the assignment and the assignment itself is not a proposition, the court will refuse consideration, see Rule 30 for Courts of Civil Appeals; Ward v. Odem, 153 S. W. 634; Duren v. Bottoms, 60 Tex. Civ. App. 355, 129 S. W. 376.

To the effect that, where neither the assignment nor the propositions thereunder are supported by adequate statements from the record, the court will refuse consideration, see Rule 31 for Courts of Civil Appeals (142 S. W. xiii); McKenzie v. Beason, 140 S. W. 246; First National Bank of Crockett v. Hardtt, 204 S. W. 712; Ins. Co. v. Ellison, 160 S. W. 1141; Ludtke v. Murray, 199 S. W. 321; Hooks et al. v. Pate, 197 S. W. 613; Davidson v. Jones, Sullivan & Jones, 196 S. W. 571; Louisiana & Texas Lbr. Co. v. Kennedy, 119 S. W. 888; Edwards v. Smith, 137 S. W. 1164; Childress v. Robinson, 161 S. W. 78.

Appellees also object to a consideration of assignments 1, 2, 3, 6, 7, 8, and 9, for the same reasons assigned by Dunn against the tenth assignment. All of these assignments are subject to this criticism. Some of them are multifarious; none of them are followed by a sufficient statement to enable us to review them.

[3] Because of all of these omissions on the part of appellants in briefing this case, we are precluded from considering their brief. Where appellee is deprived of no valuable right by an omission on the part of appellant in briefing, we would not be disposed to disregard his brief; but, under our rules, on appeal the appellant has "the laboring oar." It is the duty of his counsel, on his professional honor, to state all the facts in the record supporting his assignments. When this is not done, either the appellee must make this statement, or the court is forced to go to the record and search for the facts relied on by appellant to sustain his assignments. The rules are designed to relieve the appellate courts of this burden. Also, when the appellant fails to do this, he is depriving the appellee of a substantial and valuable right granted him by law.

However, appellants insist that they are entitled to a reversal of this case on fundamental error apparent of record. In discussing this assignment before us on submission, appellants advance the following propositions under fundamental error:

(1) Under the pleadings of Old River Company, it was not entitled to a foreclosure of a statutory lien, or any other lien against the cattle.

(2) On the answer of appellants, if the record supported the issues made, the court erred in instructing a verdict against them in favor of T. C. Dunn.

(3) That the Old River Company was entitled to no judgment against any of these appellants.

[4] On these assignments of fundamental error, we have examined the pleadings of all the parties, the judgment of the court, and, as appellees have briefs in the case, we have also examined the statements of the testimony made in their briefs. As appellants made no statement, and have not filed a supplemental brief contesting the statements made by appellees, we will take the statements made by them as correctly reflecting the facts of the record.

[5] In leasing to Vasbinder and others, Dunn conveyed to them the same premises leased by him from Old River Company, and for the same length of time. This constituted an assignment of the lease held by Dunn and made appellants responsible to Old River Company to the same extent as if the contract of lease had been made directly with them and the Old River Company.

The following rule is announced in 24 Cyc. 979:

"The assignment of a lease creates the relation of landlord and tenant between the assignee and lessor, and the rights and liabilities of those parties are such as are incident to that relation."

In Forrest v. Durnell, 86 Tex. 649, 26 S. W. 482, Chief Justice Stayton said:

"The relation of landlord and tenant strictly does not exist, unless there be a reversionary interest in the former; and out of this arises the distinction between assignments and underleases. If a lessee parts with his whole term in all the rented premises, no reversionary interest remains in him, and a person taking through him is an assignee, liable to payment to the landlord as the original lessee contracted to pay. If he rents parts of it to different persons for the entire term, then such persons, to the extent of their several holdings, are also assignees, and in so far liable to the lessor just as was the original lessee. Railway v. Sette-

gast, 79 Tex. 262 [15 S. W. 228]; Tayl. on Landl. and Ten. 443.

"A subtenant is one who leases all or a part of rented premises from the original lessee for a term less than that held by the latter, and in that case the lessee retains a reversionary interest. In such cases at common law a subtenant's property was subject to distress, while he was not liable on the contract between lessor and lessee."

In Menger v. Ward, 28 S. W. 824, it was said:

"An assignment of a lease would be nothing but a subletting for the whole term."

In Campbell v. Cates, 51 S. W. 269:

"In addition, the lease from Campbell to Worsham * * * conveyed Campbell's entire interest in the pasture as acquired by him from Cates and wife. This operated as an assignment of said lease."

In Railway Co. v. Settegast, 79 Tex. 262, 15 S. W. 229, the Supreme Court said:

"When the lessee conveys his entire term in the whole or a part of the demised premises, it is an assignment of the lease; but, when he lets the premises for a less time than the period of his unexpired term, it is an underlease."

See, also, Wildey Lodge No. 21, I. O. O. F., v. City of Paris, 31 Tex. Civ. App. 632, 73 S. W. 69; Edwards v. Anderson, 82 S. W. 659; Wooldridge v. Railway Co., 38 Tex. Civ. App. 551, 86 S. W. 943; Giddings v. Felker, 70 Tex. 176, 7 S. W. 694; M., K. & T. v. Keahy, 37 Tex. Civ. App. 330, 83 S. W. 1103; Land v. Roby, 56 Tex. Civ. App. 333, 120 S. W. 1058; Doyle v. Scott, 134 S. W. 828.

[6] But even as subtenants under Dunn, the Old River Company held a lien on the cattle of appellants for the rent due by Dunn, under article 5664, R. S. 1911.

In Forrest v. Durnell, supra, the Supreme Court said:

"The land and the crops to be grown cannot be freed from the conditions imposed by law, nor can the lessor's rights be abridged by any subordinate contract of the lessee. He can pass no better estate nor confer any superior right to the use of the land than he possessed himself. If it were otherwise, the subletting in parts might defeat the security given under the statute and render it inoperative."

In Maverick v. Skinner, 50 S. W. 640, the court said:

"The landlord's lien for the rent existed on the goods in the hands of the trustee and assignee precisely as if the tenant had held them. Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481. It was not necessary for plaintiff to resort to a distress proceeding; his right to the lien could be as effectually enforced by a suit for foreclosure."

In Edwards v. Anderson, supra, the court said:

"Unless he had waived it, the appellee had a landlord's lien, created by statute, on all the products grown upon his farm, whether raised by Foesselman or Edwards, and whether Edwards was a subtenant or assignee under Foesselman, and whether appellee did or did not consent for Foesselman to sublet to appellant."

See, also, Wooldridge & Sons v. Railway Co., 38 Tex. Civ. App. 551, 86 S. W. 943; Land v. Roby, 56 Tex. Civ. App. 333, 120 S. W. 1058; Ft. Worth Fair Ass'n v. Ft. Worth Driving Corporation, 56 Tex. Civ. App. 167, 121 S. W. 213.

[7] We further find that, when Dunn leased the premises from the Old River Company, it was understood between them that Dunn was to sublet or assign this lease to other parties, and while the Old River Company, at such time, may not have had the appellants in mind as being the persons to whom Dunn would sublease or assign, yet Dunn had such right, and the Old River Company is bound by such assignment or sublease, and under the rule announced in Forrest v. Durnell, supra:

"If the landlord consents expressly or impliedly to the occupation of his land by an assignee or undertenant, the relation of landlord and tenant necessarily exists between him and such persons."

This rule is again announced in Strong v. State, 70 Tex. Cr. App. 89, 156 S. W. 659, and Horton v. Lee, 180 S. W. 1170.

Under appellants' assignment of fundamental error, we hold that the Old River Company has pleaded facts entitling it to a statutory lien against appellants' cattle for the full amount of the lease contract between it and Dunn, and also, as appellants hold as assignees under Dunn, that they are personally liable for the full amount of said contract; and, if we should be in error in holding them liable as assignees, then, as they held the premises with the knowledge and consent of the Old River Company, the relation of landlord and tenant existed between them and Old River Company, and they are liable for the amount of the rent, and Old River Company is entitled to a foreclosure of its lien on said cattle.

Unless appellants were entitled to defeat Dunn's claim against them by reason of the facts pleaded by them, under the contract copied above, Dunn was entitled to recover the full amount asked by him, with a foreclosure of the lien provided in article 5664, which he duly pleaded.

[8] Appellants insist, under an assignment of fundamental error, that we should review the action of the court in peremptorily instructing a verdict against them on the facts set up in their answer. Now, going to their answer, we find that appellants pleaded that Dunn falsely represented to them that their cattle were to get the benefit of the rice straw on the leased premises.

There is nothing in the contract to that effect. There is no plea against Dunn that he despoiled the leased premises of the rice straw or that he permitted others to do so. Appellants ask for relief solely and only on the ground of a parol statement made before the contract was executed. As to this ground of recovery, the court properly charged the jury to return a verdict against appellants.

To the same effect is appellants' plea as to water and the running bayous. There, is nothing in the contract binding Dunn to furnish any water, so the court did not err as to this element of damage.

[9] Appellants pleaded also that Dunn represented to them that he owned 20,000 acres of land, over which the cattle could graze, and that this representation was false. There is no allegation in the pleading that this 20,000 acres was a part of the leased premises, but only that Dunn falsely represented that he owned this land, and that appellants' cattle could graze on it, thereby inducing appellants to lease the land described in the contract. This would clearly vary the terms of the written contract by a parol contemporaneous agreement to furnish lands not set out therein.

[10] Appellants further allege that Dunn took them around the leased premises and pointed out certain lands as being included therein, which, in fact, were not included therein. This allegation is not sufficiently specific for us to determine, under a proposition of fundamental error, whether or not the court erred in relation thereto. The lands so pointed out, and which appellants claim were not included in the contract, are not described; nor is their value as pasture lands set out; nor are any facts stated as a specific basis for damage regarding these lands. The court did not err in his instruction, so far as this allegation is concerned.

[11] It is provided specifically in the contract:

"In the event said cattle fail to do well in the rice farms and pastures in which they are to be located, on account of lack of feed in the way of sufficient grasses, tame or otherwise, then the said Dunn hereby agrees to give the said cattle more room in said rice farms and pastures."

Appellants pleaded that the cattle did not do well on the lands described in the contract, and that Dunn refused to furnish other lands.

Looking to appellees' brief, we find this statement, from the testimony of T. P. Russell, one of the appellants:

"I believe I got a letter from Mr. Dunn something to the effect that if I thought the cattle were not doing well enough that he could furnish me from 2,000 to 3,000 acres right away. With reference to whether I went to see him after that, I didn't want to see him because I did not have a contract with him. I had a contract with Mr. Vasbinder."

It is our conclusion that on an assignment of fundamental error, the judgment of the lower court cannot be disturbed.

We would add further that, though not required to do so under the rules for briefing, or under the decisions of our courts, we have examined all of the different assignments made by appellant, and if we were passing on them seriatim, as presented, together with the propositions thereunder, we would be forced to overrule all of them.

Finding no errors in this record, this case is in all things affirmed.