TEMPLE GROCERY COMPANY v. W. F. SULLIVAN ET AL.

Decided February 16, 1898.

**Market Value—Reasonable Time for Sale.**

The market value of a stock of goods, that is the amount for which they could be sold in bulk at a given time and place, is such as could be obtained by allowing the seller a reasonable time within which to sell them for cash.

APPEAL from San Saba. Tried below before Hon. W. M. ALLISON.

*Banks & Cochran* and *Burleson & Meek,* for appellant.

*Walters Bros.,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee W. F. Sullivan instituted this suit against Temple Grocery Company, S. E. W. Hudson, sheriff of San Saba County, and the sureties on his official bond, to recover damages for the conversion of a stock of merchandise alleged to belong to the plaintiff.

The Temple Grocery Company pleaded a general denial, and a special plea to the effect that Sullivan and one W. F. Johnson had entered into a conspiracy to defraud the creditors of W. F. Johnson, among whom was the Temple Grocery Company, and that the title to the property which Sullivan claimed to have obtained from Johnson was the result of a fraudulent transaction.

The case was tried by the aid of a jury, and judgment rendered for the plaintiff for $635.07. The Temple Grocery Company has appealed.

In charging the jury upon the measure of damages, among other things the court used this language: "By market value, as used in this charge, is meant the value of the goods in the town of San Saba on June 24, 1896, the goods being sold in bulk, and allowing the seller a reasonable time within which to sell said goods for cash." The latter clause of this charge is objected to as engrafting upon the rule of law an improper limitation. No authorities are cited in support of appellant's contention, and we do not believe that any can be found. The charge referred to limited the market value of the property to the value in bulk at the time and place it was converted; that is to say, the amount for which it could have been sold at said time and place, allowing a reasonable time within which to sell it. If property is to be sold upon any market, it is only just to its owners to allow a reasonable time in which to sell it, and we do not think there is any merit in the complaint urged against the charge.

The plaintiff bought the property from W. F. Johnson prior to the time the Temple Grocery Company levied its attachment upon it; and it is urged in this court that the great preponderance of testimony shows that Johnson and the plaintiff entered into a conspiracy to defraud the Temple Grocery Company and other creditors, and that the conspiracy was consummated by the sale from Johnson to the plaintiff. According to the testimony of Johnson and the plaintiff, the consideration for the sale of the property was certain indebtedness of Johnson to the plaintiff, and an agreement by the plaintiff to pay certain debts owing by Johnson, for which the plaintiff was surety. The property sold was not in excess of the consideration given for it, if the testimony of Johnson and the plaintiff is true, and while there are some circumstances that tend to support appellant's contention, we are not prepared to say that the jury did wrong in giving credence to the plaintiff's evidence. Nor can we say that the verdict is excessive. While appellant submitted testimony tending to show that the property was not worth its invoice price, the amount claimed by appellee, and allowed by the jury, there was other testimony given by appellee, and by another merchant who appears to have been disinterested, to the effect that the property was worth the

amount claimed by the plaintiff and allowed by the jury. Although much of the property was in broken packages, it does not necessarily follow that it was not worth in San Saba, Texas, as much as the invoice price. By invoice price was doubtless meant the cost of the goods at wholesale at some other place and in some other market, before they were carried to San Saba; and the property may have been worth as much in broken lots in the town of San Saba as its invoice price in unbroken lots in Galveston, or wherever Johnson obtained it.

We find no reversible error, and the judgment will be affirmed.