J. C. WOOLDRIDGE & SON v. FORT WORTH & DENVER CITY RY. Co.

Decided March 25, 1905.

**1.—Railroads—Lease of Right of Way—Stipulation Against Negligence.**

A railroad company, in leasing a part of its right of way to a third person for coalhouse purposes, does not act in its capacity as a common carrier, and hence may make a valid stipulation in the lease for exemption from loss or damage by fire communicated by sparks from its locomotives or otherwise.

**2.—Same—Assignee of Lease Bound.**

An assignee of such lease would be bound by the stipulation therein exempting the company from liability for damage caused by fires set from locomotives, but a subtenant would not be so bound.

**3.—Same—Subtenant not Bound.**

Where the lessee from the railway company sold the coalhouse he had placed on the right of way to M., and later M. leased the house to H., no reference being made to the original lease, nor written consent to its assignment obtained as provided therein, and H. having no knowledge of such lease, but making his payments of rent to M., while the railway company made no objection to the occupancy of the successive parties and continued delivering cars of coal at the coalhouse, such facts showed that H. was a subtenant in no way bound by the covenants in the original lease.

Appeal from the District Court of Hall. Tried below before Hon. S. P. Huff.

*W. M. Pardue, J. K. Duke* and *A. G. Brown,* for appellants.

*Stanley, Spoonts & Thompson,* for appellee.

SPEER, ASSOCIATE JUSTICE.—J. C. Wooldridge & Son, successors to the firm of Wooldridge & Brother, prosecute this suit against the Fort Worth & Denver City Railway Company, to recover damages for the burning of two hundred tons of coal of the alleged value of $6.50 per ton, occasioned by the negligence of the defendant in setting fire thereto. For defense the company relies mainly upon an allegation, which was supported by the proof, that on January 1, 1899, by written contract it had leased to one L. F. Jones, for one year, that part of its right of way on which was situated the coal bin occupied by Wooldridge & Son, and containing said coal at the time of the fire, which said written lease stipulated that the defendant should not be held liable for any loss or damage by fire communicated either by sparks from locomotives or otherwise. It was also alleged that plaintiffs held and occupied said right of way under the lessee Jones, and under the terms of said contract. To this defense Wooldridge & Son replied that such stipulation for exemption was invalid as a limitation upon the common law liability of defendant. After hearing the evidence the trial court instructed a verdict for the defendant, which instruction constitutes the basis of the assignments of error herein.

Appellants assert that the evidence below presented three issues of fact which should have been submitted to the jury, to wit: (1) "Whether or not the defendant railway company acted in the capacity of common carrier in leasing its right of way to L. F. Jones, and under which lease it alleged Wooldridge & Brother were holding and occupying its right of way at the time of the fire which destroyed their coal." (2) "Whether Wooldridge & Brother at the time of the fire were occupying defendant's right of way under the lease or independent thereof as tenants or licensees." (3) "Whether the fire which destroyed Wooldridge & Brother's coal was caused by defendant's negligence."

As to the question first presented no error is shown, because whether or not the railway company acted in the capacity of common carrier in leasing its right of way to Jones is not a question of fact but a question of law, and as such has been determined adversely

to appellants' contention.  Woodward v. Fort Worth & D. C. Ry.
Co., 79 S. W. Rep., 896; Missouri, K. & T. Ry. Co. v. Carter, 95
Texas, 451, 68 S. W. Rep., 159, and authorities cited in these cases.
For a valuable ·discussion of this question see, also, Stephens v.
Southern Pac. Co. (Cal.), 29 L. R. A., 751.

Upon the third issue we find appellants' contention to be correct;
that is, that there is evidence that the fire which destroyed their
coal was caused by appellee's negligence.  But the materiality of this
issue becomes important only in view of our conclusions upon the
second.  Whether appellants at the time of the fire were occupying
appellee's right of way under the terms of the lease to Jones, as
contended by appellee, or whether they were occupying the same
independent thereof, or as subtenants, presents by far the most im-
portant question for determination on this appeal.  For, as we
understand it, the liability of appellants upon the covenants of Jones
contained in the lease depends upon whether or not they are holding
as assignees of this lease, or merely as subtenants thereunder.  If
their relation to appellee is that of assignees, they are bound; but if
that of subtenants, they are not.  Harvey v. McGrew, 44 Texas, 412;
Giddings v. Felker, 70 Texas, 176; Forrest v. Durnell, 86 Texas, 647;
LeGierse v. Green, 61 Texas, 128; Missouri, K. & T. Ry. Co. v.
Keahey, 83 S. W. Rep., 1102; St. Joseph & St. L. R. Co. v. St.
Louis, I. M. & So. Ry. Co. (Mo.), 33 L. R. A., 607; Wood's Land-
lord & Tenant, secs. 89 to 91; Taylor's Landlord & Tenant, sec. 109.
Upon this question the evidence shows that the lease to Jones, dated
January 1, 1899, by its terms expired December 31, of the same year,
and, among other things, provided that the property should not be
assigned without the written permission of the lessor.  That during
the first part of the year 1899, Jones was engaged in the coal busi-
ness and owned and occupied the same coal bin subsequently occu-
pied by appellants at the time of the fire; that he sold his house
while on the leased right of way to one Hix about the last of March,
1899, and that Hix continued to occupy the property in the prosecu-
tion of the same business until the following fall, when he leased
the house to one Moreman for a term of six months, whose term
appellants, within about two weeks thereafter, acquired.  In leasing
the building to Moreman, Hix said nothing about turning over the
lease contract from the railway company.  The transfer seems to
have been of the house alone, and not the lease, Moreman having
no actual knowledge whatever of such lease.  Appellants had no actual
notice of the Jones lease, and in no way assumed to perform its
stipulations; but, on the contrary, paid monthly rentals to More-
man.  The appellee made no objection to the occupancy of the prop-
erty by the various owners and tenants mentioned, but continued at
all times to make delivery of cars of coal, as it had done to its
lessee Jones in the first place.

These facts, we think, indicate that appellants were subtenants
rather than assignees, and are in no way bound by the covenants
of Jones contained in the lease contract.  Ordinarily, a subletting
for the entire term will amount to an assignment.  But this is true
mainly for the reason that it indicates an intention between the par-

ties that the sublessee is to become the owner of all the rights of the lessee, and negatives all reversionary interest in the latter. But in the present case the contrary intention plainly appears, in that the lessee, although he sublets for a period beyond his own term, owning the house situated upon the leased property, as he does, has a reversionary interest at the end of the sublease. This may be at the end of the lessee's year, of course, or even sooner, in view of the statute and stipulation against assigning or subleasing, but, at any rate, at the end of six months. If the holding over by the appellants was with the consent of the appellee it would operate to renew the original lease.

So that, the evidence indicating, as it does, that appellants hold as subtenants of the lessee and not as assignees, and indicating, as it does, that their property was destroyed through the negligence of the appellee, we hold that the court should have submitted these issues to the jury, and erred in giving a peremptory instruction for the defendant.

The judgment is reversed and cause remanded for a new trial.

*Reversed and remanded.*