FT. WORTH & DENVER CITY RAILWAY COMPANY v. J. C. WOOLDRIDGE & SON.

No. 1807.    Decided April 8, 1908.

**Railway—Warehouse Lease—Contract Against Liability for Fire.**

One who erected a warehouse on property leased by him from a railway, the house being his and the lease relieving the railway from liability for fire, sold the building without assigning his rights as lessee, and coal stored therein by the purchaser was destroyed by fire from the railway locomotives. Held that the owner by his purchase became a mere tenant of the ground at will, not bound by the terms of the lease nor precluded thereby from recovery of his damages by fire. (Pp. 472, 473.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Hardeman County.

Wooldridge & Son sued the railway. A judgment for plaintiffs was affirmed on appeal by defendant who then obtained writ of error.

*Spoonts, Thompson & Barwise, J. M. Chambers* and *D. E. Decker,* for plaintiff in error.—A sale of the house so standing, without any right reserved to have it removed from the land, would certainly be construed to carry with the house the right for it to remain on the land. If so, the transaction was an assignment of the lease. If not an assignment, then the house remained on the land by Jones' permission, and it would so remain subject to the conditions of the lease. If that position be sound, then the subsequent letting of the house as shown would still burden it with the exemption from liability for its burning, as contained in the lease contract. Forrest v. Durnell, 86 Texas, 647.

*G. A. Brown,* for defendants in error.—Wooldridge & Son, at the time their coal was burned on appellant's right of way, were not occupying such right of way as subtenant or assignee under appellant's lease to L. F. Jones. They nor their lessors Hix and Moorman were parties to the lease contract between appellant and Jones, had no knowledge of the terms, covenants and exemptions in said lease contract, never assumed any part of Jones' covenant in said contract, and were not bound thereby. Nor were Wooldridge & Son trespassers upon appellant's right of way, but were occupying same with appellant's knowledge and consent, and engaged in a business beneficial to both parties. Giddings v. Felker, 70 Texas, 176; Missouri, K. & T. Ry. Co. v. Keahey, 83 S. W. Rep., 1102; Wooldridge & Son v. Ft. Worth & D. C. Ry. Co., 86 S. W. Rep., 942.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by the defendants in error to recover of the plaintiff·in error the value of two hundred tons of coal, which was alleged to have been destroyed by fire caused by the negligence of the railroad company. The defense was that the building in which the coal was stored at the time of the fire, was upon a part of the right of way of the defendant company which had been leased under a contract which contained a stipulation exempting the company from liability from loss caused by fire proceeding from its engines. The plaintiffs recovered a judgment which, upon appeal to the Court of Civil Appeals, was affirmed.

When we granted the writ of error we were under the impression that the plaintiffs were either assignees or sublessees under that lease—a misapprehension which arose from the fact that the Court of Civil Appeals, without any detail of the testimony upon the point, in its opinion on a former appeal, had treated them as subtenants.

It is disclosed by the evidence that on the first of January, 1899, the defendant company leased for the term of one year to one Jones a parcel of land on its right of way for the erection and use of a coal bin and that the contract contained the stipulation exempting the company from liability for any loss caused by fire. Under the terms of the lease the buildings erected on the land were to remain the property of the lessee. Sometime during the year Jones sold the house and his coal business to one Hix. He testified that he did not have appellants' consent to assign the lease and did not attempt to do so. Sometime in the fall Hix leased the house to one Moorman, who testified as to the transaction: "When I acquired the coal bin lease by me to Wooldridge & Brother from Mr. Hix, Mr. Hix never said anything about turning over to me the lease contract with the railroad company. And when I obtained the bin from Mr. Hix, I did not under-, take to take any lease from Hix; I just took the house alone. If Mr. Hix had any contract with the railroad company, I knew nothing about it whatever. The railroad company never said anything to me about having leased the premises that I know of. I never said anything to the railroad company about my lease; I just unloaded coal into the bin and throwed it out. . I leased the house for the purpose of using it in the coal business. I kept the house about two weeks, as well as I remember. I leased it in the fall of '99, sometime. I never had any agreement with Mr. Wooldridge whereby I was to have the use of the bin any more during that year; I just turned over my contract to him." Marvin Wooldridge, who, presumably as agent made the contract for the lease of the house from Moorman, testified that he knew nothing about any lease from the railroad company to Jones.

Under these facts we fail to see how Wooldridge & Brother became bound by the terms of the contract between Jones and the defendant company. They were not parties to that contract; nor did they make themselves such by taking an assignment of it or by becoming subtenants. When Hix took possession after his purchase from Jones, he became a tenant at will of the railroad company.

The lease contract contained a provision that should Jones abandon the premises, the lease should be determined. Jones sold out to Hix

and quit the business. Hence the lease was forfeited and Hix occupied the 'property without authority of law. The same may be said of Moorman and of Wooldridge & Brother—to whose rights it was agreed the plaintiffs had succeeded. We conclude, that the plaintiffs were not affected by the stipulation in the Jones. lease which exempted the company from liability for loss by fire; and that therefore the court did not err in refusing to instruct a verdict for the defendant company.

We think that no reversible error is pointed out in plaintiff in error's other assignments of error and therefore the judgment of the District Court and that of the Court of Civil Appeals are affirmed.

*Affirmed.*