JOHN TAGGART, *Appellant*, V. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellee*.

No. 16,672.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Disproof as to One Form a Complete Defense.* In a fire case against a railway company an instruction that disproof of negligence in certain respects will constitute a perfect defense amounts to a peremptory instruction against the plaintiff as to any other form of negligence charged.

Appeal from Morris district court. Opinion filed May 6, 1911. Affirmed.

*W. S. Roark,* for the appellant.

*M. A. Low,* and *Paul E. Walker,* for the appellee.

The opinion of the court was delivered by

MASON, J.: John Taggart sued the Chicago, Rock Island & Pacific Railway Company for damages resulting from the burning of a barn and its contents. The general verdict was in his favor, but the trial court rendered a judgment for the defendant upon the special findings, and the plaintiff appeals.

Written instructions were given the jury, one of them reading as follows:

"If the defendant in the case has proven by a preponderance of the evidence in the case that the engine which it is claimed set out the fire was equipped with the approved appliances for the prevention of the escape of fire, and that the same were in good order, and that the engine was being operated by a skillful and competent engineer and fireman, and that there was no mismanagement or negligence on the part of the said engineer or fireman in the management of said engine, then the proof of these facts would be a complete defense to the action of the plaintiff and your verdict must be, in such case, for defendant."

The jury found in response to special questions that

the engine which set out the fire was properly constructed and operated. It is therefore obvious that the findings compelled a judgment for the defendant unless the instruction quoted was modified. The plaintiff contends that this particular instruction, when read in connection with others, merely means that proof of the proper construction and operation of the engine would constitute a defense so far as related to the charge of negligence in those respects. We can not accept this view. The jury were told that the plaintiff charged that the defendant was negligent in allowing combustible material to accumulate upon the right of way, but this was incidental to a statement of the pleadings. They were also told that the burden of disproving negligence was upon the defendant. But the instruction quoted indicates clearly that in the mind of the court the evidence conclusively showed that the fire did not result from any negligence of the defendant in respect to permitting litter upon the right of way. Otherwise the jury would necessarily have been told the effect of a finding in that matter, and no such instruction was given them. The explicit instruction that proof of due care in equipping and handling the engine was a "complete" defense amounted to a definite withdrawal from the jury of any issue regarding negligence on the part of the company in failing to keep the right of way clear of combustible material.

The jury also found that the barn had been built by its original owner upon the right of way, under an unrecorded lease from the railroad company, one of the terms of which was that the company should be exempt from liability for any loss by fire; that the plaintiff purchased the building without knowledge of the lease, and without inquiry as to the conditions under which it had been erected; that the company knew of his purchase and made no objection to his using the property. The defendant claims an exemption from liability in virtue of its contract. Under the authorities the agree-

Taggart v. Railway Co.

ment was valid between the parties. (*James Quirk Milling Co. v. Minneapolis & St. Louis R. Co.*, 98 Minn. 22, and cases cited.) Whether it was binding upon the plaintiff under the circumstances stated need not be determined. A similar question is discussed in *Wooldridge & Son v. Ft. W. & D. C. Ry. Co.*, 38 Tex. Civ. App. 551, affirmed in *Ft. W. & Denver City Ry. Co. v. Wooldridge & Son*, 101 Tex. 471. Other cases of more remote bearing are: *Alabama Great Southern R. Co. v. Demoville*, [Ala. 1910] 52 South. 406, and *Texas & Pacific Ry. v. Watson*, 190 U. S. 287.

The only question here involved is whether the findings required a judgment for the defendant. This must be determined in the light of the issues presented by the instructions rather than by the pleadings. The instructions are not complained of and must be regarded as settling the matters there covered. The case was tried while the old code was in force, and the instructions, not having been excepted to, became the law of the case. (2 Dec. Dig., p. 50, § 853.) The result here would necessarily be the same under the present practice. The evidence as to the manner in which the fire was set may have conclusively established the fact that it was not due to any neglect of the defendant in regard to the condition of the right of way; and in view of the charge given this must be presumed to have been the case.

The judgment is affirmed.