ROBERTS et al. v. ABNEY. (No. 5673.)

(Court of Civil Appeals of Texas. Austin. Nov. 1, 1916. Rehearing Denied Dec. 6, 1916.)

1. CONTRACTS ☞10(5)—UNILATERAL CHARACTER.

Where defendant sold land to plaintiff, as a material consideration, agreeing to erect a pumping plant capable of supplying sufficient water to irrigate the land, which would have materially and permanently increased its market value even though plaintiff did not use the water, such contract was not unilateral because it provided that plaintiff should pay annually for water a certain amount per acre for each acre of land watered, but did not bind him to use any water or to water any land.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 89; Dec. Dig. ☞10(5).]

2. VENUE ☞22(1) — RESIDENCE OF A DEFENDANT.

In suit on a cause of action jointly and severally against all defendants, brought in the county of a defendant's residence, the court properly overruled the plea of privilege of other defendants to be sued in the county of residence of one of them.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 35; Dec. Dig. ☞22(1).]

3. PARTIES ☞26—JOINDER—ASSUMPTION OF INDEBTEDNESS—SUIT BY CREDITOR.

If, for a valuable consideration, a party assumes the indebtedness of another to a third party, the third party may sue his debtor and the party assuming the debt jointly, or either of them separately, as a party has a cause of action on a promise made for his benefit though

he be a stranger both to the promise and to the consideration.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 32–34; Dec. Dig. ☞26.]

4. APPEAL AND ERROR ☞877(5)—HARMLESS ERROR — FAILURE TO FIND AGAINST DEFENDANT.

In an action for breach of contract against the original contractor and parties who assumed his liability, if the jury's failure to find against the original contractor was an error of which plaintiff might have complained, it furnished no ground of complaint to the other defendants, where the original contractor pleaded over against them, but they asked no relief against him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3562, 3568; Dec. Dig. ☞877(5).]

Appeal from District Court, Lampasas County; John D. Robinson, Judge.

Suit by W. B. Abney against P. Z. Davis, Ingham S. Roberts and others. From a judgment for plaintiff against Roberts and the others, except Davis, they appeal. Judgment affirmed.

John B. Warren, of Houston, for appellants. M. M. White and Matthews & Browning, all of Lampasas, for appellee.

### Statement of the Case.

JENKINS, J. This is the second appeal of this case. A full statement of the case will be found in our former opinion herein (166 S. W. 409–410), which we here adopt with this modification: Before the trial herein appellee filed an amended petition, in all respects similar to that referred to in our former statement, except he claimed as his only measure of damages the difference in the value of his land as it would have been had the contract set out in our former opinion been complied with, and its value at the time of the trial, which he alleged to be $3,600.

### Findings of Fact.

On May 21, 1906, P. Z. Davis conveyed to appellee three contiguous tracts of land on the Colorado river, adjoining the Chadwick mill, then owned by said Davis and operated by water power created by a dam across said river. On the same day, and as a part of the same transaction, and as a material consideration moving appellee to purchase said land, appellee and Davis entered into a written contract, which is fully set forth in 166 S. W. 409, and to which reference is here made for all purposes, the main feature of which was that Davis would, on or before January 1, 1907, erect at said dam a pumping plant, by means of which it was contemplated by the parties that about 80 acres of said land would be rendered irrigable. Davis made some effort to comply with said contract during the years 1907, 1908, and 1909, but did not succeed in doing so. In 1909 appellee extended time for compliance to April 1, 1910. On July 1, 1911, Davis con

veyed the mill property to B. F. Frymeier, Sr., for the consideration, among other things, that he would fulfill said contract. On August 8, 1911, B. F. Frymeier, Sr., for the consideration, among other things, that they would comply with said contract, conveyed the mill property to B. F. Frymeier, Jr., and Ingham S. Roberts. On February 21, 1912, appellee filed suit against Davis, the Frymeiers, and Roberts, to recover damages for the breach of said contract, which, as before stated, he alleged to be the difference in the value of said land as it would have been had said contract been complied with and its value at the time the suit was brought. The jury returned a verdict against appellants for $1,000, which, under the charge of the court, necessarily implies that said contract was never complied with by any of the defendants. The evidence is sufficient to sustain such finding. The jury returned no verdict against Davis, but the court entered judgment as to him that he go hence without day. This action of the court is not complained of on this appeal. The appeal is by B. F. Frymeier, Sr., B. F. Frymeier, Jr., and Ingham S. Roberts.

## Opinion.

The brief of appellants contains 15 assignments of error, but their contentions thereunder may be stated as follows: (1) That their objections to the venue should have been sustained; (2) that their exceptions to the petition should have been sustained; and (3) that the verdict of the jury is not supported by the evidence.

The contention of appellants as to their exceptions is that the same should have been sustained because plaintiff's measure of damages, if any, as shown by his petition, was not the difference in the value of his land by reason of the failure to erect the pumping plant, but the difference in the rental value of the land for the years that defendants failed to comply with their contract. This was passed upon by us on the former appeal hereof; and, after again fully considering this matter, we adhere to our former opinion.

The contention that the contract pleaded is unilateral was also considered by us on the former appeal, and we have not changed our views on this point.

[1] The ground of appellants' contention that the contract is unilateral is that it provides that appellee shall pay annually for water $1.66⅔ per acre, for each acre of land watered by him, but does not bind him to use any water, or to water any land. Had the contract been merely to furnish water to be used by appellee in irrigating his land, there would be much force in this contention. But the main feature of the contract was that Davis would erect a pumping plant, capable of supplying a sufficient quantity of water to make appellee's land irrigable, which the evidence shows would have materially and permanently increased its market value, even though appellee might not have utilized the water. If he did not choose to farm his land, he could have sold it for its market value, as thus increased, by reason of its having been rendered susceptible of irrigation. Appellee did not sue for damage to his crops by reason of failure to furnish water, but for the permanent injury to his land by reason of the failure to make it irrigable.

[2, 3] The court did not err in overruling appellants' plea of privilege to be sued in the county of the residence of one of them. B. F. Frymeier, Sr., resides in McLennan county, and B. F. Frymeier, Jr., and Ingham S. Roberts reside in Harris county, but Davis resides in Lampasas county, where the suit was brought. Appellee's allegations, and the evidence adduced, show a cause of action jointly and severally against all of the defendants, in that it was alleged and shown that B. F. Frymeier, Sr., as part of the consideration for the deed executed to him by Davis, and that B. F. Frymeier, Jr., and Ingham S. Roberts, as a part of the consideration for the deed executed to them by Frymeier, Sr., assumed the obligation of Davis to erect the pumping plant. If A. is indebted to B. and for a valuable consideration C. assumes such indebtedness, B. may sue A. and C. jointly, or either of them separately, for such debt; the American rule being that one has a cause of action upon a promise made for his benefit, though he be a stranger, both to the promise and the consideration. Allen v. Traylor, 174 S. W. 924; Spann v. Cochran, 63 Tex. 242; Martin v. Tel. Co., 1 Tex. Civ. App. 150, 20 S. W. 862; Schneider v. Roe, 25 S. W. 59; Ward v. Green, 28 S. W. 576; Gay v. Pemberton, 44 S. W. 401; Book Concern v. Carswell, 46 S. W. 859.

It would serve no useful purpose to discuss in detail the evidence which supports the verdict and judgment herein. The contract called for pumping 350 gallons per minute. One test showed 185 and another 200 gallons per minute, and during the short time that water was pumped into the reservoir the maximum, according to the testimony of Davis himself, was 250 gallons per minute. During the greater part of the time the dam and the pipe which Davis was to furnish were washed out. Appellants insist that the failure of the enterprise was on account of the leakage of the reservoir built by appellee. It is true that the reservoir leaked when water was first pumped into it. Appellee offered to concrete it, but Davis said that was unnecessary, as the sediment from the water when the river was up would stop the leakage. Two practical irrigation farmers in that vicinity testified that such would have been the case if the water had been pumped into the reservoir. It is true that when this suit was filed there were leaks in the pipe furnished by appellee.

On a former occasion he had promptly mended such leaks, and he testified that he would have done so again had appellants been ready to pump. It would have been useless for him to have done so when there was neither dam nor connecting pipes.

[4] Appellants insist that this case should be reversed, because the jury did not find against Davis. If this was an error of which appellee might have complained, it furnishes no ground of complaint to appellants. Davis pleaded over against them, and had the verdict and judgment herein been against him, he might have obtained judgment against them, but they asked no relief against him. If it can be said that the verdict·shows bias in favor of Davis, or caprice on the part of the jury, this, in the absence of injury to appellants, would be no ground for reversal. Railway Co. v. James, 73 Tex. 19, 20, 10 S. W. 744, 15 Am. St. Rep. 743.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.