**HOLT et al. v. COLLINS et al.**

No. 2111.

Court of Civil Appeals of Texas. Waco.

June 8, 1939.

Rehearing Denied Oct. 5, 1939.

Jno. B. McNamara, of Waco, and Horton B. Porter, of Hillsboro, for plaintiffs in error.

Richey, Sheehy & Teeling, of Waco, for defendants in error.

GEORGE, Justice.

This suit was instituted by T. O. Collins against R. H. Burck, Noble Holt, Jimmie Epps and Dr. J. N. Pyle to recover actual and exemplary damages for the destruction of his dwelling house, household furniture and wearing apparel by fire. The court permitted defendants in error to be substituted as parties plaintiffs upon being informed of the death of T. O. Collins.

The case was tried before the court and a jury and judgment was rendered upon the jury's findings against R. H. Burck, Noble Holt and Jimmie Epps, jointly and severally, for actual damages in the sum of $400 and exemplary damages in the sum of $1,000. Noble Holt and Jimmie Epps have brought the case to this court for review, but Burck has not.

Plaintiff in error Epps contends that the trial court erred in not granting his motion for a peremptory instruction, and plaintiffs in error Holt and Epps contend that defendants in error's counsel made

improper argument which injuriously affected their rights before the jury.

When the evidence had been completed in the case, Dr. J. N. Pyle, Noble Holt and Jimmie Epps separately filed motion for an instructed verdict. The court granted Dr. Pyle's motion but overruled the motions of Jimmie Epps and Noble Holt. The jury found that there was a conspiracy to burn the house of Dr. J. M. Pyle in Bruceville, Texas; that Floyd Lowe set fire to the house; that Noble Holt entered into such conspiracy; that Jimmie Epps entered into such conspiracy; that Floyd Lowe was acting as the agent of Noble Holt; that Floyd Lowe was acting as the agent of Jimmie Epps; that the setting on fire of the house was negligence; that such negligence was gross negligence; that such negligence was the proximate cause of the damages sustained by defendants in error; that Noble Holt was actuated by malice in causing the house to be set on fire, and that Jimmie Epps was actuated by malice in causing the house to be set on fire.

Noble Holt purchased a dwelling house and a store building in Bruceville in 1935. In July, 1935, he moved Jimmie Epps, his brother-in-law, into the house and gave him a job in the store as a clerk. The dwelling house was located on a lot adjoining the Collins residence. Epps took out, in January, 1936, insurance on his household and kitchen furniture for the first time. Dr. Pyle traded for the properties in February and March, 1936, and gave a deed of trust on them to secure payment of the difference due Holt. The insurance policies were changed so as to make Dr. Pyle the assured and Holt the beneficiary to the extent of his interest under the loss payable clauses. Epps, on Saturday·night before the fire on Sunday night, loaded an oil stove and a refrigerator into his car, and together with his wife and their baby, drove to their old·home in the Huron community in Hill county. When Floyd Lowe entered the house he found a five-gallon can of kerosene in the hall, which he used in setting fire to the house on Sunday night. The fire spread to and destroyed the Collins house and damaged their furniture. Floyd Lowe testified that he burned the house at the instance of Burck and Holt, who told him Dr. Pyle would pay him $50 for the job. He had known Epps about ten years but did not know of his being interested in the burning of the house. Roy Collins, one of the defendants in error, testified that three weeks or a month before the fire Jimmie Epps asked him if he had ever done anything very mean; that he answered, "Not much", and inquired what he meant; that Epps then asked him what he would burn the house in which Epps was living for. Epps took the stand and denied all knowledge of and connection with the fire. He also denied asking the questions testified to by Roy Collins. There is no evidence that Epps would have benefited by the fire. The person in position to benefit most by the fire was Dr. Pyle.

■■■ All the evidence tending to support the jury's findings must be accepted as true and interpreted in the light most favorable to the prevailing parties. Wininger v. Fort Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150; Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725; Harpold v. Moss, 101 Tex. 540, 109 S.W. 928; Choate v. San Antonio & A. P. R. Co., 90 Tex. 82, 36 S.W. 247, 37 S.W. 319. But if such evidence, when so accepted and construed, is so weak as to merely raise a surmise or suspicion of the fact or facts to be proved by plaintiff, then the court should instruct a verdict for the defendant, for the evidence must do more than raise a suspicion, it must lead to belief. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Waco Drug Co. v. Hensley et al., Tex.Com.App., 34 S.W.2d 832; Rouse v. Mlinar, Tex. Civ.App., 63 S.W.2d 1093. The testimony of Roy Collins is the only thing that tends to connect Jimmie Epps with the fire. The most it does is to show a disposition on his part to do or cause to be done such an act and to create a suspicion that he might have been in on the undertaking. All of the other testimony reveals only disconnected circumstances, which appear to be as consistent with a lawful purpose as with one which is unlawful. The assignment is sustained.

■■■ Plaintiffs in error's bill of exception reads as follows: "Be it remembered that upon the trial of this cause, begun on the 6th day of July, 1937, while the plaintiffs' counsel, Mr. P. E. Teeling, was making his concluding argument, he asserted and stated to the jury: 'And, gentlemen, I believe the jury can see the facts of this case, as difficult as they have been to present, you gentlemen, the Judge, the court has submitted these issues to you. If there wasn't evidence ·to support findings on

them, they would not have been submitted. He would have instructed a verdict in their favor.' When said counsel had concluded all but the last sentence of the above quoted statement, defendants' counsel then and there, in open court, objected to said statement of said counsel in so addressing the jury, without assigning any reason for said objection. Plaintiffs' said counsel then concluded his statement with the last sentence, 'He would have instructed a verdict in their favor.' Thereupon the defendants' counsel then and there, in open court, said to the court: 'We take a bill of exception to counsel's statement that that is the law and ask the court to instruct the jury not to consider it', which objection, exception and request the court then and there overruled, to which action of the court defendants then and there, in open court, excepted. That the remarks so made by plaintiffs' counsel had not been induced and were not justified by anything that had theretofore been said by defendant or his attorneys, or that had theretofore transpired in the trial of said cause." There was no question as to the sufficiency of the evidence to raise the issues submitted in so far as the same related to Holt. The positive testimony of Floyd Lowe alone directly connected Holt and Burck with the conspiracy and the burning of the house. The problem for the jury was whether the testimony of Floyd Lowe was worthly of belief. If they believed he was telling the truth when he connected Holt with the fire, then they could not do anything other than find against him. The argument was improper, but it was not of such prejudicial and inflammatory character that its effects could not have been removed by an instruction of the court to disregard, if proper objection had been made at the time. The rule applicable to this character of argument was announced by the court, through Judge Critz, in the case of Robbins et al. v. Wynne, Tex.Com. App., 44 S.W.2d 946, 949, as follows: "In this connection, we hold that the correct rule is that, if the argument be such, or

is made under such circumstances that, if objection is made at the time counsel making the argument can offer explanation therefor which will render such argument proper, or can make such amends as will render the same undoubtedly harmless, or, if the argument be of such a nature that its proper withdrawal by counsel or instructions by the court to the jury to disregard will cure the error, and render its harmful effect free from doubt, then the objections should be made at the time, and failure to do so waives the error." The only objection made to the argument was: "We take a bill of exception to counsel's statement that that is the law." That objection did not inform the court that plaintiffs in error were excepting to the argument on the ground that it related to matters outside of the record; that counsel was making an unsworn witness of himself; that he was instructing the jury as to what he thought the law to be, or that he was undertaking to inform them of the court's view of the evidence. If they had made such objections in limine, the court's attention would have been called to the impropriety of the argument and it would have been given an opportunity to correct the error. It appears that the statement of one objection to argument of this character amounts to a waiver of all others. Therefore, the trial court did not commit reversible error in overruling the objections made to the argument. Fort Worth & D. C. Ry. Co. v. J. C. Wooldridge & Son, Tex.Civ.App., 105 S.W. 845; Id., 101 Tex. 471, 108 S.W. 1159; Fort Worth & R. G. Ry. Co. v. Bryant, Tex.Civ.App., 210 S.W. 556, error refused; 41 Tex.Jur. 825, par. 90, note 89.

The judgment against Noble Holt is affirmed and the judgment against R. H. Burck is left undisturbed, but the judgment in so far as, and only in so far as, it affects Jimmie Epps is reversed and judgment is here rendered that defendants in error take nothing by their suit as against him.