### KENYON et al. v. BENDER et al.
### No. 4045.

Court of Civil Appeals of Texas. Beaumont.
Feb. 25, 1943.

On Rehearing April 7, 1943.

Fouts, Amerman & Moore, of Houston, for appellant.

Sonfield & Sonfield of Beaumont, for appellee.

COMBS, Justice.

By this suit appellants as plaintiffs seek damages for the conversion of a dragline, or ditching machine. Two of the defendants, Simon Bender and J. Feldman, junk dealers, wrongfully cut up into junk metal a valuable dragline machine belonging to appellants. At least a large part of the metal derived from said machine was shipped from Vinton, Louisiana, where the machine was cut up, to Beaumont and sold to appellees, J. L. Eisen, M. Sampson, and B. Sampson, doing business as Sampson Iron & Supply Company, a partnership. Eisen and the Sampsons were made parties defendant on allegations that they conspired with Bender and Feldman to convert appellants' dragline, and aided and abetted them and that they ratified the acts of said Bender and Feldman and thus became joint participants in the destruction of the machine.

The trial court instructed a verdict in favor of Eisen and the Sampsons on the ground that the evidence raised no issue of liability as to them, and submitted the case to the jury as to Bender and Feldman. On jury findings, judgment was entered against the said Bender and Feldman for $14,000. Appellants have appealed against the judgment denying them recovery against appellees J. L. Eisen, M. Sampson and B. Sampson.

■ We think the trial court properly instructed the verdict in favor of Eisen and the Sampsons. There was no evidence raising against them an issue that they conspired with Bender and Feldman to cut up and destroy appellants' dragline, or that they purchased junk metal therefrom with knowledge of the acts of Bender and Feldman. On the contrary all of the testimony was to the effect that they knew nothing of the acts of Bender and Feldman in cutting up the machine, and did not know that Bender and Feldman were not the owners of the scrap metal which they purchased from them.

But appellants say they raised issues of fact against appelleees by circumstantial evidence. The circumstances relied on amounted to no more than a showing that appellees followed a custom of advancing money to Bender and Feldman, and other junk dealers, with which to purchase scrap metal, and at times assisted them and other junk dealers by loaning them cutting torches and other equipment for their use in cutting up junk, and that Bender and Feldman are "petty irresponsible junk dealers." There was no fact or circumstance shown from which it could be reasonably inferred that appellees conspired with Bender and Feldman to cut up appellants' machine, or gave them aid in doing so, or purchased metal therefrom with knowledge of their acts.

■■ It is of course true, as contended by appellants, that conspiracies of the kind

here alleged are difficult to prove. Often they can be established only by circumstantial evidence and generally a plaintiff is required only to offer the best evidence of which the case is susceptible. But even so, mere difficulty of making proof can never take the place of evidence. One who seeks as plaintiff to recover against another must introduce competent evidence, whether direct or circumstantial, which tends reasonably to establish his cause of action, and from which the material issues upon which he relies for recovery can be reasonably inferred. He cannot cast his adversary on evidence which amounts to no more than conjecture, surmise or suspicion, merely because his case is of a character which is difficult to prove.

■ Appellants contend that, at any rate, they were entitled to recover the value of the junk which appellees purchased from Bender and Feldman taken from their dragline. The evidence showed the tonnage, and junk value of certain junk bought by appellees from Bender and Feldman on the occasion in question, but it was also shown that scrap metal purchased from the garbage dump of the City of Vinton, Louisiana, was included and it was nowhere shown what part of said tonnage came from appellants' dragline. On that point appellants contend they were entitled to recover for the full amount. They base this contention on the legal proposition that where one wrongfully confuses and comingles his goods with the goods of another, on the question of identification of the property such wrongdoer has the burden of pointing out his own goods and unless he does so, he is liable for the whole mass. Holloway Seed Co. v. City National Bank of Dallas, 92 Tex. 187, 47 S.W. 95, 516; 11 Am.Jur. p. 529. This principle has no application here. Appellees did not wrongfully intermingle appellants' scrap iron with knowledge or notice that the persons from whom it purchased did not own all of it. Hence the appellees are not liable for the whole on the theory of confusion of goods. Smith v. Au Gres Tp., 6 Cir., 150 F. 257, 9 L.R.A.,N.S., 876; 12 C.J. p. 496; 15 C. J.S., Confusion of Goods, § 8.

■ There is also a contention that appellees were in any event liable to appellants for the value of a metal wheel taken from their dragline. The wheel was not in the car of scrap which appellees bought from Bender and Feldman. It was shown that Bender and Feldman put it in their scrap yard and cut it up into scrap iron. About a year later they sold their scrap, which probably included the junk parts of the wheel to appellees. It was shown that the wheel with its clutch assembly was worth $1,500, but there was no showing of the value of the wheel as junk.

None of appellants' assignments present reversible error.

Judgment affirmed.

## On Rehearing

COMBS, Justice.

■ On motion for rehearing we have again reviewed the evidence and find that there was testimony which would have warranted the jury finding that all of the car of junk metal purchased by appellees Sampson et al. from Bender and Feldman came from the appellants' dragline. Also its weight, 97,600 pounds, and junk value, $9 per gross ton of 2240 pounds, were shown. The issue should have been submitted to the jury. For even though Sampson et al. purchased without notice that the metal had been wrongfully taken by the sellers, they are liable to appellants for the junk value of the metal purchased from appellants' machine, as of the time it was received by them. The case will be remanded for trial of that issue.