## GAGER v. REEVES.

No. 15202.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 22, 1950.

Rehearing Denied Jan. 26, 1951.

H. J. Loe, of Fort Worth, for appellant.

Wade, Davis & Callaway, of Fort Worth, for appellee.

HALL, Justice.

Appellee R. M. Reeves filed this suit in a district court of Tarrant County against S. W. Welch to foreclose a deed of trust lien in the amount of $7425, which Welch executed to appellee on real estate situated in said County. A few days prior thereto appellant Margaret Gager, a feme sole, filed a suit in a district court of said County against said S. W. Welch in trespass to try title to the same property. These two suits were consolidated, appellee Reeves being designated as plaintiff, and appellant Margaret Gager and Welch as defendants. Appellant filed a cross action seeking recovery of the property as against Welch and appellee Reeves alleged they

secured title to this property from her by the unlawful method of conspiracy.

Appellant executed a deed to the property in question to defendant Welch. Welch in turn borrowed $7425 from appellee Reeves and secured same by a deed of trust against said property. In appellant's cross action and testimony she gives a lengthy history of the way and manner she met with and confided in Welch to the extent that she was willing to risk title to her property in him but for the benefit of herself. No reference to such trust, however, is designated in the deed.

After the transaction which Welch had with Reeves and after Welch failed to return to appellant, she executed another deed on said property to a third party, which was placed of record in Tarrant County. Thus, the issues were joined between her, Welch and Reeves. The third party later deeded the same back to her.

Appellee denied any acts of conspiracy with Welch. Welch did not defend the law suit and judgment was rendered against him in favor of appellant in the sum of $15,000 exemplary damages and $1200 for loss of use of said property, plus title to said real estate, subject to the deed of trust in question.

The case was submitted to a jury and in answer to special issues it found among other things that appellee R. M. Reeves did not in good faith make the loan of $7425 to S. W Welch

The trial court granted appellee's motion for judgment non obstante veredicto. Appellant in her appeal to this court cites as error such action of the trial court because there was sufficient and substantial evidence before said trial court to raise an issue of fact, to the effect that appellee herein did not in good faith make a loan on the property which is the subject matter of this suit.

■■■■ We have reviewed all the testimony in this case under the general rule that the evidence which appellant contends to support the jury finding is true and interpreted in the light most favorable to her. After considering same as such, we find the trial court properly rendered its judgment non obstante veredicto, for the reason that such evidence, when construed, at the most merely raises a surmise or suspicion, which are based upon unrelated matters, that appellee committed acts of conspiracy while dealing with defendant Welch.

We now relate the evidence which appellant contends was sufficient to raise the issue of conspiracy. We might say at the outset that the evidence fails to establish any connection between appellee and appellant prior to appellee's making a loan with Welch, and she undertakes to make her proof of conspiracy primarily by and through the cross examination of appellee. In her brief she cites the following specific facts and circumstances relied upon to show such acts of conspiracy:

(1) Appellee knew Welch about two weeks before the loan was made, during which time Welch undertook to sell appellee some oil royalties; it was later determined Welch could not deliver title and that appellee should have known Welch was a person of questionable character.

(2) When appellee was negotiating the loan with Welch, he employed a real estate agent to advise him as to the value of the property. As a result of such inquiry the loan value was determined at $6500 by said agent, however, appellee loaned $7425 on the property.

(3) That although Welch had undertaken to place the loan with two or three other firms or persons, yet appellee Reeves made the loan because he could consummate same sooner than the other parties and Welch was in a hurry for his money.

(4) Because prior to the time appellee came to Texas he was in the vending machine business. Appellee's pertinent testimony on this point is as follows:

"Q. Now, tell us what kind of coin operated machines? A. Put a nickel in and you would hear music, or you could get candies and things of that sort.

\* \* \* \* \* \*

"A. Some paid you nothing, you know.

"Q. Well, the ones that did pay, paid on the basis of what you put in, didn't they? A. That's right.

690

"Q. It was the slot machine business, wasn't it? A. Coin operated machines was one business."

(5) Appellee testified that he took the amount of money which he was lending to Welch to appellee's attorney and left it with him to pay over to Welch when his attorney was satisfied that appellee's rights were protected. We might add here that appellee's attorney is noted by appellant to be a reputable one and this attorney's testimony as to the way and manner he handled appellee's business is not inconsistent with legitimate business dealings, but appellant contends there is a discrepancy between the testimony of appellee's attorney and his own testimony which indicates a circumstance of conspiracy, that is, appellant contends through his questions that Welch and appellee went to the attorney's office together, whereupon appellee denies same and appellee's attorney also denies same.

(6) After the loan in question was closed, Welch was sentenced to serve a term in the state penitentiary from some other county growing out of an alleged fraud which he perpetrated on a Mr. Cook. In the meantime Welch had informed Reeves of the circumstances under which he was convicted and proclaimed his innocence. Reeves undertook to assist Welch in obtaining statements from the complaining witnesses, prosecuting attorney, et al., to the effect that Welch was innocent; he did procure these letters. Also in the meantime the third party filed his deed of record which appellant had executed to him. These two occasions caused appellee to make one or more trips to the penitentiary to see Welch, one of which was on Sunday when he was going back through Huntsville from Houston, at which time he signed as brother-in-law to Welch and his wife signed as his sister. However, it is not contended by appellant that appellee or his wife are related to Welch.

It is well established in Texas that acts of conspiracy between two or more parties may be proved by circumstantial evidence, and that any circumstance which tends to cast light upon the transaction is legitimate and proper, because in most cases, aside from circumstantial evidence, the plaintiff must go into the camp of the enemy for proof of his allegations. 9 Tex.Jur., p. 400, sec. 21. Such acts of conspiracy must be clearly established by full, clear, satisfactory and convincing testimony; it has been held insufficient to show disconnected circumstances which may be as consistent with a lawful purpose as with one which is unlawful. Ibid., p. 404, sec. 24.

It has also been held that the mere fact it is difficult to prove acts of conspiracy, such obstacle will not supplant testimony.

Our Supreme Court in the case of Waco Drug Co. v. Hensley, 34 S.W.2d 832, 836, re-established the rule as laid down in Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, and among other things said: " * * * The broad and wise policy of the law, formed in and descending to us through the crucibles of time, does not permit the citizen to be deprived of his property, his liberty, or his life upon mere surmise or suspicion, and places upon a trained judiciary the grave responsibility of determining as a question of law whether the testimony establishes more."

In harmony with the above rule, we find the trial court did not err in rendering judgment for appellee non obstante veredicto, based upon the evidence in this case, which evidence relating to the actions between appellee and Welch is as much consistent with lawful actions as those of an unlawful nature. There is no substantial direct or circumstantial evidence tending to connect appellee with Welch's unlawful action in securing the deed from appellant. On the other hand, appellant's evidence is to the effect that she, through her long association with Welch, was the primary and proximate cause of her losing her property by the insurmountable confidence she had in him. We are of the opinion that greater evidence should be introduced before a third person can be deprived of his property while dealing in transactions of a legal nature.

Additional cases which we have read, holding evidence insufficient and those hold-

ing evidence sufficient are as follows: Kenyon v. Bender, Tex.Civ.App., 174 S.W.2d 110, writ refused, w. m.; American Rio Grande Land & Irrigation Co. v. Bellman, Tex.Civ.App., 272 S.W. 550; Bartelt v. Lehmann, Tex.Civ.App., 207 S.W.2d 131; Weatherred v. Finley, 57 Tex.Civ.App. 50, 121 S.W. 895, writ refused; Holt v. Collins, Tex.Civ.App., 131 S.W.2d 813, writ dismissed, c. j.; McKee v. Mathias, Tex.Civ.App., 83 S.W.2d 744, writ dismissed; Allis-Chalmers Mfg. Co. v. Board, Tex.Civ.App., 118 S.W.2d 996; Fletcher v. Huffman, Tex.Civ.App., 149 S.W.2d 313; Glenn H. McCarthy, Inc., v. Knox, Tex.Civ.App., 186 S.W.2d 832, writ refused, w. m.; Oliver v. Huckins, Tex.Civ.App., 244 S.W. 625, writ dismissed; Griffin v. Palatine Ins. Co., Tex.Com.App., 238 S.W. 637; Vittitoe v. Junkin, Tex.Civ.App., 54 S.W.2d 166; Fernandez v. Cano et al., Tex.Civ.App., 108 S.W.2d 310, writ dismissed; 15 C.J.S., Conspiracy, § 1, p. 996; 11 Am.Jur., p. 577, sec. 45.

All of the cases which appellant relies on wherein evidence was sufficient to raise a fact issue of an act of conspiracy relate that the alleged co-conspirator appeared on the scene and had actual contact with the complaining party. Such actions of direct contact are of course very convincing in conspiracy cases. Some of appellant's cases cited are criminal cases and are therefore not in point here.

Believing the trial court committed no error, its judgment is affirmed.