J. C. NELSON, Appellant,

v.

Hugo SEIDEL, Appellee.

No. 13439.

Court of Civil Appeals of Texas.

Houston.

Oct. 15, 1959.

Rehearing Denied Nov. 19, 1959.

James E. Faulkner, Coldsprings, Rachel Faulkner, Pasadena, for appellant.

W. Harvey Betts, Hempstead, for appellee.

WERLEIN, Justice.

This suit was brought by appellee, Hugo Seidel, against appellant, J. C. Nelson, and one Fred H. Gillespie, for rents allegedly due appellee, under the terms of a lease from appellee to one Jack Bleakley, lessee, which lease was assigned by Jack Bleakley to appellant and Fred H. Gillespie. In filing his first amended original petition appellee did not include Gillespie as a party-defendant. The trial was before the Court without a jury. The Court, on October 30, 1958, rendered judgment in favor of appellee against appellant in the sum of $2,200, from which judgment appellant has appealed.

Appellant's first two points, briefed together, assert that the Trial Court erred in rendering judgment for appellee because the original lease, under its terms, was terminated by the attempted assignment thereof by Jack Bleakley, lessee, to J. C. Nelson and Fred H. Gillespie prior to obtaining the written consent of the lessor.

The original lease contains the following provision:

"It is mutually agreed and understood that this right-of-way or easement shall not be assignable by said lessee, and any attempt on his part to do so shall terminate all rights herein granted to such lessee, unless prior written consent of lessor be obtained by lessee."

It is undisputed that the assignment from Jack Bleakley to Nelson and Gillespie was dated September 18, 1954, and acknowledged by Jack Bleakley on October 4, 1954, and by Nelson and Gillespie on October 9, 1954. On October 11, 1954, appellee, Hugo Seidel, consented to the assignment in writing, as appears on the assignment immediately following the signatures of Jack Bleakley and said assignees, and preceding their acknowledgments. Said assignment contains the following provision:

"In consideration of said transfer and assignment, second parties hereby assume and agree to perform all and singular from this date the obligations of the lessee in and under the lease contract between the said Jack Bleakley and Hugo Seidel, a copy of which is attached hereto, and hereby promise to perform the covenants therein stated and to pay when due the rentals therein reserved to lessor,

beginning with the installment of rent due September 21, 1954."

■ The law is well settled that the limitation upon the assignment of a lease-hold estate is for the sole benefit of the lessor, and that he may not only waive the statutory provision, Article 5237, Vernon's Ann.Civ.St., but may waive a similar provision written into the lease itself. An assignment of the lease in violation of such provision does not invalidate the lease, nor relieve the lessee from the obligations imposed by such lease or the assignee who assumes them. See Ewing v. Moran, Tex. Civ.App., 166 S.W.2d 760, 763, in which this Court stated:

"In other words, it appears to be equally well settled that the prohibition of that statute against the sub-renting of lands without the prior consent of the landlord, or lessor, is solely for the benefit of the latter, and that he alone is the only one who could complain of the wrong done by such subletting."

See also Marshall v. Smith, Tex.Civ.App., 199 S.W.2d 555; Francis v. Crowley, Tex. Civ.App., 50 S.W.2d 462, writ ref.; Scott v. Slaughter, 35 Tex.Civ.App. 524, 80 S.W. 643, writ den.; Edwards v. Worthington, Tex.Civ.App., 118 S.W.2d 328.

Appellant, while conceding the law as hereinabove stated, contends that such rule is not applicable to the present case for the reason the lease itself provides that any attempt of the lessee to assign the lease shall terminate all rights granted to the lessee, unless prior written consent of the lessor has been obtained by the lessee.

■ We do not agree. The provision in the lease that any attempt to assign it shall terminate all rights granted to the lessee, is a condition subsequent and not a limitation, and for such reason, in spite of such provision, the lease would not terminate unless the lessor undertook to terminate it or declare a forfeiture or re-enter. Such provision is for the sole benefit of the lessor and not the lessee. If it were not so, the lessee could at any time, by making an assignment, terminate the lease. It is true that under the early English rule a provision that a lease should become void on the tenant's default in the performance of stipulations, was construed as a limitation, ipso facto terminating the estate on the happening of the contingency. See Wills v. Manufacturers' Natural Gas Co., 130 Pa. 222, 18 A. 721, 5 L.R.A. 603, which refers to the old law but holds that the lessor has the option of termination. The modern and correct rule is stated in 32 Amer.Jur., § 825, p. 702, as follows:

"Also, where the provision is for the cessation of the lease in case of some contingency dependent on the conduct of the lessee, the courts will construe it not as a special limitation on the term, but as a condition subsequent, vesting in the lessor a waivable option to terminate the lease. Thus, the use of the words 'null and void' in a conditional cause does not as a rule require the conclusion that a conditional limitation is intended.

\* \* \* \* \* \*

"The courts in many cases, while not defining as a condition subsequent a stipulation in a lease that it shall cease and be void in the event of the default of the lessee, or that on default by him, he shall surrender possession, have held the termination of such a lease because of default by the lessee to be optional with the lessor."

Numerous cases are cited in support of the text.

■ In the present case the assignment itself contains the written consent of the lessor and refers to the lease as being attached to the assignment. We think the fact that the written consent to the assignment is dated subsequent to the date of the assignment is immaterial in view of the fact that the provision of the lease in

question is not a limitation but a condition subsequent. Appellee at no time undertook to terminate or forfeit the lease or re-enter the premises. Instead, he gave his written consent to the assignment, as shown on the assignment itself, thereby agreeing to it.

■ Moreover, in accepting the assignment appellant expressly assumed and agreed to perform all the obligations contained in the lease and to pay rentals reserved therein to the lessor, thus in effect adopting the terms and provisions of the lease. He thereby entered into an enforceable contract with Bleakley for the benefit of the lessor. See Roberts v. Abney, Tex.Civ.App., 189 S.W. 1101, writ ref.

The present case is clearly distinguishable from Fort Worth & D. C. R. Co. v. J. C. Woolridge & Son, 1908, 101 Tex. 471, 108 S.W. 1159, relied on by appellant. In that case Woolridge & Bro. knew nothing about the lease in question and there was no assignment of such lease nor any assumption of the terms thereof.

Appellant's First and Second Points are overruled.

Appellant's Third and Fourth Points assert that the Court erred in rendering final judgment for appellee against appellant because Gillespie was dismissed from the suit and Bleakley was not made a party thereto, although both Gillespie and Bleakley were indispensable or necessary parties.

■ We think these points are without merit. Appellant filed no verified plea in abatement on the ground there was a want of necessary parties. See Rule 93(e), Texas Rules of Civil Procedure, McMahon v. Thornton, Tex.Civ.App., 96 S.W.2d 308, error ref.

■ Furthermore, McDonald v. Cabiness, 1907, 100 Tex. 615, 102 S.W. 721, 722, refutes appellant's conception of the law. The Court, through Chief Justice Gaines, stated:

"Under the rule in this state, it is not indispensable to sue all the promisors on a joint promise. The plaintiff may sue one or more, or may dismiss as to one and proceed as to another, even in the appellate court. Miller v. Sullivan, 89 Tex. 480, 35 S.W. 362, and cases there cited. That decision has been followed and approved in the following cases: Bute v. Brainerd, 93 Tex. [137] 139, 53 S.W. 1017, and McFarlane v. Howell, 91 Tex. [218] 221, 42 S.W. 853."

See also Roberts v. Abney, Tex.Civ.App., 189 S.W. 1101, 1102, in which it is stated:

"If A. is indebted to B. and for a valuable consideration C. assumes such indebtedness, B. may sue A. and C. jointly, or either of them separately, for such debt; the American rule being that one has a cause of action upon a promise made for his benefit, though he be a stranger, both to the promise and the consideration. [Citing a number of cases.]"

■ The amended petition filed by appellee, in which Gillespie was omitted as a party-defendant, had the effect of dismissing the cause as to said Gillespie. Brennan v. Greene, Tex.Civ.App., 154 S.W. 2d 523, writ ref.

Appellant's last two points assert that the Trial Court erred in rendering judgment for appellee in the sum of $2,200, since appellee had demanded payment of only $1,500 rentals under the lease in question, thereby electing to breach the contract and rescind it at the time that amount was owing, so that under no conceivable pleading or proof could appellee recover more than such amount.

■ We do not agree with appellant's contention. It is true that appellee did execute and mail to Nelson and Gillespie, the assignees, a sworn statement that he, appellee, was and still is the owner of the leased lands, and that there was then due from the said Nelson and Gillespie rents due

the 20th day of March, 1956 and on the 20th day of each month thereafter, including June 20, 1957, or a total of 15 months at $100 each, and that said parties were indebted to him in the sum of $1,500, and that such claim was just and all legal offsets had been allowed. Thereafter, such amount then past due not having been paid and subsequent accruals of rent under the lease having become due, appellee filed suit on December 21, 1957, to recover past-due rentals down to the termination of the lease which expired January 20, 1958, in the sum of $2,200. Although appellee alleged that he had presented his sworn account to said assignees and requested payment of the *then accrued rents* under the lease and that he was entitled to $500 attorney's fees because more than 30 days had expired since such demand was made, the Court did not allow any attorney's fees.

In the amended petition, filed August 19, 1958, appellee sued substantially as in his original petition, although he omitted Gillespie as a defendant, and he also asked for an additional sum of $700 for the use and occupancy of the premises subsequent to the expiration of the lease and for $2,500 damages resulting from appellant's failure to restore the demised premises to the condition existing at the time the lease was executed. No recovery was allowed for such items.

At the time the sworn statement was mailed to appellant by appellee, no demand was made upon appellant or Gillespie for possession of the premises, and appellee took no steps to terminate the lease at such time or to re-enter the premises. Some of the structures and material placed on the premises by the lessee or his assignees still remained thereon.

We have concluded, therefore, that the sworn statement sent to appellant reciting the amount then accrued and due under the terms of the lease was no more than a demand that appellant take care of the rentals past due. There is nothing in such

demand inconsistent with appellee's suit to recover such past-due rentals plus rentals subsequently accruing under the lease. Appellee did not by such demand terminate the lease nor did he elect to accept the sum of $1,500 as damages in full satisfaction of rentals due and to become due thereunder. Furthermore, appellant did not plead any such election of remedies and the estoppel flowing therefrom as he would be required to do in order to rely thereon. Betty v. Tuer, Tex.Civ.App., 292 S.W. 271; Holland Texas Hypotheek Bank v. Broocks, Tex.Civ.App., 266 S.W. 183, writ ref.

Even though appellant abandoned the premises, he was still liable for the rentals under the lease accruing subsequent to the assignment in question. He was neither expressly nor impliedly released therefrom. 27 Tex.Jur. 311, Landlord and Tenant, § 182; Gaddy v. Rich, Tex.Civ.App., 59 S.W.2d 921.

Judgment of the Trial Court is affirmed.

WOODRUFF, J., not sitting.